### THE TOWN OF WINFIELD
### *v.*
### WILLIAM H. MOFFATT *et al.*

| 42 | 47 |
|----|----|
| 183 | 320 |

1.  PRACTICE—*when to object to insufficiency of appeal bond on appeal from commissioners of highways.*   The objection that the appeal bond, given on an appeal from commissioners of highways to three supervisors, does not recite correctly the order of the commissioners, cannot be made for the first time in the Supreme Court; it should be made before the supervisors.

2.  APPEAL BOND—*if defective, a sufficient one may be filed.*   Where the appeal bond given upon an appeal from commissioners of highways to three supervisors, has been accepted by the town clerk, the parties appealing are in such condition that they should not be prejudiced by any defect appearing in it, but leave should be given them to file a more perfect bond.

3.  PRACTICE—*when to object that parties appealing do not appear to be owners or agents of land.*   The objection that the parties taking such an appeal do not appear to be owners of, or agents for, any tract of land upon the route of the proposed highway, and therefore could not take the appeal, cannot be made for the first time in the appellate court; it should be made before the supervisors, so as to give an opportunity to supply the proof on that subject.

4.  APPEAL BOND—*sureties.*   *Quere,* whether two persons appealing in such case, and joining in the appeal bond, may not be regarded as security for each other, so as to obviate the objection that the bond has no securities.

WRIT OF ERROR to the Circuit Court of Du Page county; the Hon. ISAAC G. WILSON, Judge, presiding.

This was a proceeding by the common law writ of *certiorari,* directed to certain supervisors of towns, commanding them to certify to the Circuit Court the record and proceedings relating

to a certain highway by them laid out. Upon the trial, the court below dismissed the writ and rendered a judgment for the defendants. The town of Winfield, in whose name the proceeding was instituted, brings the cause to this court on writ of error. The opinion of the court contains a statement of the case.

Mr. R. N. Murray, for the plaintiff in error.

Messrs. Vallette & Cody, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

The record, in this case, shows an application to the judge of the Circuit Court of Du Page county for a *certiorari* to the supervisors of certain towns in that county to send up to the Circuit Court the record and proceedings before them, on an appeal from the commissioners of highways of that county, refusing to lay out a certain public road.

It appears, that a competent number of citizens of Du Page county had applied to the proper commissioners of highways for a road, which was refused. Two of the petitioners, Jordan and Gary, applied for an appeal to three supervisors to reverse this decision of the commissioners, and executed a bond, which was approved by the town clerk and conditioned according to law. The decision of the commissioners was reversed.

The petition for the *certiorari* alleges, that the action of the supervisors, in laying out the road, was illegal and void, for reasons assigned, the most cogent of which we will consider.

It is objected, that the appeal bond, filed with the town clerk, does not recite correctly the order of the commissioners of highways.

This objection is made for the first time here, and it should have been made before the supervisors. The defects alleged to exist in it did not affect their jurisdiction. The town clerk approved the bond before he selected the supervisors to hear the appeal. Whether the bond was good or not, required a judicial adjudication to ascertain, and, until that is had, the

rights of the party should not be prejudiced, and, if adjudged insufficient, it is but reasonable the party should be permitted to cure the defect by filing a sufficient bond. *Shaw et al.* v. *Havekluft et al.*, 21 Ill. 127.

This bond, under section seventy of the township organization law of 1861 (Laws of 1861, p. 259), is only to secure the costs, and is filed with the clerk, on which he selects the supervisors, — an entirely different proceeding from an ordinary appeal from a justice of the peace. The acceptance of the bond by the town clerk, and the appeal, being in writing, gave the supervisors jurisdiction, and their order shows, that the notice of the hearing of the appeal before them had been given as the statute required, and that the commissioners of highways and three of the road petitioners appeared before them to contest the appeal. There can be no ground to allege, under such circumstances, that the supervisors had no jurisdiction.

Another objection is, that the bond has no sureties. May it not be properly contended, that, as two of the petitioners took the appeal, one was surety for the other? But if this is not so, still, the bond, having been accepted by the town clerk, placed the parties appealing in a condition that they should not be prejudiced by any defect appearing in it, but leave given to file a more perfect bond, under the authority of 21 Ill. 128.

Another objection made is, that it nowhere appears that the parties appealing, Jordan and Gary, or either of them, were owners of, or agents for, any tract of land upon the route of the proposed highway, and therefore could not take an appeal.

Section 68 of article seventeen, of the amended township organization law, provides, that any person or persons being owners of, or agents for, any tract of land upon the route or line of, or over which, any highway laid out shall run, feeling themselves aggrieved by any order of the commissioners of highways, may appeal from the same, at any time within thirty days, etc. Laws 1861, p. 258.

It is true, the appellants in this case are nowhere shown to be such owners or agents, but describe themselves as legal voters, only, of the township.

But no objection of this nature was made before the supervisors, and cannot be made here for the first time. The parties appealing were petitioners for the road, and if it had been objected, before the supervisors, that they were not owners or agents, the proof might have been supplied that they were. The statute nowhere prescribes the mode or manner in which this fact shall be made to appear.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*