LORENZO P. SANGER *et al.*, Plaintiffs in Error, *v.* ARTHUR M. KINKADE, Defendant in Error.

ERROR TO RICHLAND.

In an action of replevin, although a horse, among others claimed, was not taken under the writ, the pleadings embraced the horse, and the parties expressly stipulated that the right of property thereto should be one of the issues submitted to the jury. This gave the court full jurisdiction of the question.

THIS cause was heard before HARLAN, Judge, at September term, 1854, of the Richland Circuit Court.

A. KITCHELL, for Plaintiff in Error.

C. H. CONSTABLE, for Defendant in Error.

TREAT, C. J.   This was an action of replevin, brought by Sanger, Camp and Co., against Kinkade, to recover one yoke of oxen, one bay horse, and one brown horse. The sheriff made return that he had taken the oxen and bay horse and delivered them to the plaintiffs, and that the agent of the plaintiffs had agreed that the brown horse should remain in the possession

of the defendant.   The defendant pleaded *non cepit*, property in himself, and property in James Delany.   The declaration and pleas included all of the property mentioned in the writ of replevin.   At the trial, in September, 1854, the plaintiffs abandoned their claim to the bay horse ; and it was argued by the parties that the brown horse was in the possession of the defendant, and that the title thereto should be one of the issues submitted to the jury.

The plaintiff introduced the following evidence : McKenney testified that he was the book-keeper and clerk of the plaintiffs, and that he wrote the following instrument, which was executed by Delany :

"Received of SANGER, CAMP & Co., the following property, at their respective valuations, annexed to this :  One bay horse, $50; one brown horse, $35; one yoke of oxen, $65 ; the above property to be placed on my sections of the Ohio and Mississippi railroad, and used in the prosecution of the work thereon, as the property of Sanger, Camp & Co., and for the use thereof I do hereby agree to pay the said Sanger, Camp & Co. such fair and equitable sum of money as may be agreed upon hereafter by the parties.  The above mentioned oxen, however, to be returned to the said Sanger, Camp & Co., should the suit of *Graeter* v. *Camp & Co.* be decided adversely to them.

WITNESS my hand and seal, this 22d day of April, 1854.

JAMES DELANY." [SEAL.]

The witness also gave the following order for the property :

"J. L. MUNSON & Co. will let James Delany have the old yoke of oxen and such horses as may be determined upon between you.

SANGER, CAMP & CO.,

April 22d, 1855.                                        PER McKENNEY."

The witness further testified, that the brown horse was the property of the plaintiffs at the date of the receipt, and had for sometime previously been used by them about their business ; the oxen were then claimed by the plaintiffs and in their possession, but there was a controversy between them and Graeter about the ownership.   Delany was a sub-contractor under the plaintiffs, on the railroad.

Mills testified that he was the clerk of J. L. Munson and Co., and delivered the oxen and horses in question to Delany, on the order of the plaintiffs.   The oxen and brown horse were then the property of the plaintiffs.

J. L. Munson testified that the bay horse was the property of J. L. Munson and Co., and the oxen and brown horse were the property of the plaintiffs.   The oxen and horses were used by Delany on the railroad.   The witness commenced the suit as the agent of the plaintiffs, and went with the sheriff to execute the writ ; and the oxen and bay horse were found in the posses-

Sanger et al., *v.* Kinkade.

sion of the defendant. The witness had no authority to sell or otherwise dispose of the property of the plaintiffs. When Delany obtained the property, the witness received $20 from him on account of bay horse, but he received nothing on account of the brown horse and oxen.

The defendant introduced the following testimony: Mitchell testified that Delany used the oxen and horses on the railroad, from the last of April to the first of June. He then quit the country, and left the oxen and horses on the work. Newton testified that he was present when Delany received the oxen and horses, and went into the office of J. L. Munson and Co. Munson had some money in his hand, and seemed to be out of humor with Delany. Witness asked him if he had sold the two horses to Delany, and he replied that he had received $20 on the horses, and he had a great mind to give the money back to Delany, and not let the horses go.

The jury found that the oxen were the property of the plaintiffs; and that the brown horse was the property of the defendant. The court overruled the plaintiffs' motion for a new trial, and rendered judgment on the verdict.

The finding of the jury was erroneous as to the brown horse. It clearly appeared from the evidence that the horse was the property of the plaintiffs, and that they were entitled to the immediate possession thereof. Even if Munson assumed to sell the horse to Delany, the sale was made without authority from the plaintiffs, and therefore was not binding on them. The fact that the horse was not taken under the writ of replevin, did not preclude the parties from having the question of ownership determined in this action. The pleadings embraced the horse, and the parties expressly stipulated that the right of property thereto should be one of the issues submitted to the jury. This gave the court full jurisdiction of the question. A decision of this issue would as effectually settle the rights of the parties to the horse as if he had originally been seized by the sheriff and delivered to the plaintiffs. The court should have granted a new trial.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*