JOHN B. SHAW, JOSEPH H. SHAW, and HENRY MENKE, Securities of Alexander Beard, Appellants, *v.* C. H. C. HAVEKLUFT *et al.,* Judge and Justices of the County Court of Cass, Appellees.

### APPEAL FROM CASS.

In an action upon a constable's bond, the obligees cannot be permitted to deny that he is a constable.

If the officer whose duty it is to receive and approve a bond for costs, accepts it, it is then *prima facie* good until it is adjudged insufficient, and it is not error for the court to allow the party to amend it, or to file a new bond.

ON 17th March, 1857, Beard, as principal, and appellants as his sureties, executed a bond to the County Court of Cass county, in the penalty of one thousand dollars, with condition, "That whereas, the above bounden Alexander Beard was elected a marshal in the city of Beardstown, and by virtue therof a constable of Cass county, on the 16th day of February, 1857 : Now if the said Alexander Beard shall well and truly account for and pay over all moneys that may come to his hands under any executions or otherwise, by virtue of said office, and that he will well and truly perform all and every act and duty enjoined on him by the laws of this State, to the best of his skill and judgment, then this obligation to be void and of no effect ; otherwise to remain in full force and virtue."

Summons was issued against Beard, as constable, and his sureties, by appellees, "for a failure to return an execution within ten days after its proper return day."

First bond for costs was filed 3d June, 1858, but was not pursuant to summons.

Motion to dismiss suit for want of proper bond for costs, and cross-motion to amend. Motion disallowed, and cross-motion allowed by the justice of the peace.

Judgment of Circuit Court, HARRIOTT, Judge, for one thousand dollars, and that execution issue for sixty-three dollars and sixty-one cents.

Bill of exceptions shows renewal of motion in Circuit Court to dismiss suit for want of proper bond for costs; that motion was overruled, and appellants excepted; that against their objections, (which were overruled) certified copies of bond and proceedings before the justice of the peace, were read, and the court gave judgment against the appellants, and they excepted.

Errors assigned.—1st. That the court below erred in not allowing the motion of appellants to dismiss suit, for want of proper bond to secure costs, before institution of the suit. 2nd. That the court below erred in rendering judgment against appellants without any authority of law for so doing.

D. A. AND T. W. SMITH, for Appellants.

WILLIAMS, GRIMSHAW & WILLIAMS, for Appellees.

CATON, C. J. In an action upon a constable's bond, the obligees cannot be permitted to deny that he is a constable. Upon that question the execution of the bond concludes them. This same question was raised in an action on the bond of a justice of the peace, in the case of *Green* v. *Wardwell*, 17 Ill. R. 278, where this court said, "By signing his bond they acknowledged his right to the office, and to discharge its duties, and as such, recommended him to the public. They at least shall not be heard to say, that although they signed his bond, and thereby induced others to put money in his hands relying on their bond for its safety, still he was not elected, was not commissioned, was not sworn; and that he was not in fact a justice of the peace." That case disposes of this question.

The only remaining question is, whether the Circuit Court erred in allowing the plaintiffs to amend the bond for costs. In this we are of opinion the Circuit Court acted within the pale of its powers. Had no bond at all been filed for costs, then indeed it would have been the duty of the court, on motion made in apt time, to have dismissed the cause. But here, when the suit was commenced, a bond was filed, although it may have been defective. To determine whether it was sufficient or not, required the adjudication of the court. Until such adjudication, it was *prima facie* good. Whether it was good or not, may have been a very difficult question to determine, and one about which lawyers and judges might differ. If the officer whose duty it was to receive and approve the bond, accepted it as sufficient, that must save the rights of the party until it is

adjudged insufficient, and when that has been done, it is but reasonable that the party should be permitted to cure the defect, or obviate the objection, by filing a sufficient bond, or by amending the old one.

The judgment must be affirmed.

*Judgment affirmed.*