Karr et al. *v.* Barstow.

James H. Karr, and Michael B. White, Appellants, *v.* Hiram E. Barstow, Appellee.

### APPEAL FROM IROQUOIS.

A party who recovers in replevin, and gets a return of the goods from one party, cannot afterwards sue the same and another party in trespass for the same transaction; no matter whether the damages awarded in replevin had been recovered, or not.

If all the goods described in the plaint in replevin were not found, a count in trover, for the residue, was authorized.

Suit was commenced in trespass, for taking goods, etc., by Hiram E. Barstow, against James H. Karr, Cyrus R. Brown, and Michael B. White, on 2nd of April, 1858, in the Circuit Court of Iroquois county, returnable on the 19th day of April, 1858.

Defendant pleaded, 1st, not guilty; 2nd, special pleas, alleging that plaintiff, at the April term of said court, 1857, commenced an action of replevin against James H. Karr, one of the defendants, for the recovery of the same goods, the taking of which are the same supposed trespasses in the declaration in this suit mentioned. That the writ of replevin was returned served, and delivering the goods and chattels to Charles O. Barstow, agent of Hiram E. Barstow. To the declaration in that suit, James H. Karr pleaded *non cepit*, and title of the property in Karr. Issue was joined, and the cause was tried, and a verdict was found for the plaintiff, Barstow, and the jury

assessed his damages at $1,800. The defendant, Karr, moved for a new trial; thereupon Barstow, the plaintiff, entered a remittitur of all the damages, except five cents. The court then overruled the motion for a new trial, and a judgment was entered upon the verdict for the property, and for five cents damages, which judgment is still in full force.

The commencement and prosecution of the action of replevin, substantially as in the first special plea, and that in that suit defendant pleaded *non cepit*, also property in John Barstow and Charles O. Barstow, also property in Andrew J. Fuller; that issue was joined, and cause tried in October term, 1859; verdict for plaintiff, and damages assessed at $1,800. Motion for new trial; remittitur by plaintiff, of all damages, except five cents. Motion for new trial overruled, and judgment perfected for plaintiff, for the property and for the damages.

Fourth plea alleges, that the plaintiff did, on the 30th of March, 1857, by suit in replevin, recover from defendant, Karr, all and every the goods and chattels in plaintiff's declaration mentioned, and did then and there accept said goods, in full satisfaction and discharge of said trespass.

Fifth plea alleges, that after the committing of the supposed trespasses, and before the commencement of the suit, to wit, on the 30th of March, 1857, it was agreed that Karr should deliver over to plaintiff the goods and chattels, in satisfaction, etc., of the trespass, and that the goods were delivered, in pursuance of such agreement, in full satisfaction, etc.

General demurrer to the second and third pleas, which was sustained. There was a replication to the fourth and fifth pleas.

On the 19th of November, 1858, an additional special plea was filed, alleging, as to the taking of said goods, *actio non,* and setting up the replevin suit, the pleadings, trial and verdict of the jury for plaintiff, and assessing the plaintiff's damages at $1,800, which were remitted to five cents, and that judgment was rendered for plaintiff, and for the damages and costs; and as to the residue of said trespass, *actio non,* because plaintiff did not sustain damages other than have already been awarded to said plaintiff in the replevin suit, etc.

To the last plea plaintiff interposed a general demurrer, which was sustained.

Cause tried by jury, November term, 1859. Verdict for plaintiff; damages assessed at $600.

Motion for a new trial overruled, and judgment for plaintiff below.

Appeal prayed and allowed.

The appellants assign for error: the sustaining the demurrer to the second plea; the sustaining the demurrer to the third

plea; the refusing of the instructions asked by defendants; the giving of instructions asked by the plaintiff; and the rendering judgment for the plaintiff.

VAN BURENS & GARY, for Appellants.

GOOKINS, THOMAS & ROBERTS, for Appellee.

CATON, C. J. This was an action of trespass for taking and carrying away certain goods. The defendants pleaded that the plaintiff had previously brought an action of replevin against the defendant, Karr, for the same goods for the taking of which this action was brought, in which he recovered the goods taken, and five cents for their detention. To the second and third pleas setting up this defense, the court sustained a demurrer, which is now assigned for error. The principal upon which this demurrer is attempted to be sustained is, that a plea by several defendants must be good for all, and that a party may bring a separate action against each trespasser, and recover separate judgments against each, but that he can only collect one satisfaction. These principles are admitted, but they will not sustain this demurrer. The plaintiff did recover satisfaction in his action of replevin. He got his goods back, and whether he ever collected the five cents damages or not, is no matter. Suppose the first had been an action of trespass against Karr, in which he had recovered five thousand dollars and five cents damages, and he had realized the five thousand dollars but not the five cents, could he sue the other tort feasors, and recover ten thousand dollars more against them? And yet he could do that, if this demurrer was well taken. The proposition will not bear argument. If he selected the form of action in which he was not entitled to recover vindictive damages, he must be content with the remedy which that form of action has afforded him. The pleas aver that he recovered all the goods taken. If his plaint did not go for all the goods taken by the defendants at the same time, that was his own folly. He could not sue in replevin for a part of the goods, and bring trespass for the balance taken, at the same time. If the officer could not find all the goods mentioned in the plaint, our statute authorized him to insert a count in trover for the balance, but there is nothing in this case to show that he did not get all the goods taken, and really the only complaint is, that the pleas do not show that he had recovered his five cents damages. We think the demurrer should have been overruled.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*