## JOHN BATES *et al.*

*v.*

## DANIEL WILLIAMS, for use of JACOB SCHOONOVER.

1. PLEADING — *estoppel.* In an action upon a replevin bond, it was objected by the obligor, upon general demurrer, that the declaration did not aver that the justice of the peace before whom the action of replevin was tried had jurisdiction of the cause: *Held,* that, having sought that jurisdiction, he was estopped by his own act and admission.

2. PRACTICE — *default — assessment of damages.* Where a defendant demurs to a declaration, and his demurrer is overruled, and he fails to obtain leave to plead, a default for want of a plea is the necessary consequence. The judgment on the demurrer in such case is, that plaintiff recover his debt, and damages occasioned by detention of the same, to assess which a jury should be called.

3. VERDICT — *informality of.* Where a verdict does substantial justice, and the party against whom rendered shows no merits, informality should not vitiate it.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

The facts of the case sufficiently appear in the opinion of the court.

Mr. C. J. BEATTIE, for the appellants.

Messrs. FLEMING, PILLSBURY & PLUMB, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only questions made on this record are, as to the sufficiency of the declaration, and the assessment of damages by the jury.

The action was for debt on a replevin bond executed by appellant to a constable. On a trial of the suit in replevin, the plaintiff failed to establish his right to the property, and a writ of *retorno habendo* was awarded.

The main objection taken to the declaration is, that it does not aver, that the justice of the peace before whom the action of replevin was tried had jurisdiction of the cause.

When it is considered, that appellant himself sought that jurisdiction, and executed the bond in question in order to avail of it, he cannot now make such an objection. He is estopped by his own act and admission. This principle is recognized in the case of *Shaw* v. *Havekluft*, 21 Ill. 127, and in other cases.

The demurrer was general, and, on its being overruled, appellant abided by his demurrer, and a jury was called to assess the damages, the record reciting, on defendants abiding by their demurrer, judgment by default is entered against them. Appellant's counsel insists, that such is not the fact,—that they appeared and filed their demurrer, and, consequently, were not in default. Appellant's counsel fails to remember there is more than one kind of default. The first is that of appearance; where a party, duly notified, fails to make an appearance, his default is entered as of course. Another is default of plea. This was the default appellant suffered. On overruling the demurrer, if they had a defense, they should have obtained leave to plead. Not doing so, their default for want of a plea was the necessary consequence.

The judgment on the demurrer was in chief for the plaintiff, that he ought to recover his debt (naming it) and his damages occasioned by the detention of the same; but, as these are unknown to the court, let a jury come, etc. This is the formal entry. The court should have entered judgment for the specific debt, and then submitted the question of damages to the jury.

The most that can be said against the verdict of the jury is, that it is informal, finding the debt on a default, and finding the defendants guilty. The damages are well assessed according to the evidence. The informal parts of the verdict should not vitiate it. The appellants show no merits, and justice seems to have been done.

*Judgment affirmed.*