## John T. Fahnestock, for use, etc.

*v.*

## Gersham P. Gilham *et al.*

77   637
142   245
41a   478
77   637
59a   660

77     637
190   ¹113
d190  ¹114

1. Replevin bond—*not for officer's protection only.* Under our statute, the object of a replevin bond is not merely to indemnify the officer executing the replevin writ, but also to furnish an additional remedy to the defendant in case the plaintiff fails to maintain his suit.

2. Estoppel—*to deny jurisdiction of court.* Where possession of rails in a string of fence is obtained on replevin before a justice of the peace, the plaintiff in that suit insisting that the justice had jurisdiction, even if the justice had not jurisdiction of the subject matter of the suit the obligors in the replevin bond will be estopped from urging such fact in defense in a suit on the same. They will be estopped by their own act and admission.

3. Personal property. Rails, as well as a string of fence, may be personal property.

Appeal from the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

Messrs. Gillespie & Happy, for the appellant.

Messrs. Metcalf & Bradshaw, for the appellees.

Mr. Justice Craig delivered the opinion of the Court:

This action was originally brought by appellant, before a justice of the peace, against appellees, on a replevin bond. On a trial of the cause in the circuit court, the court decided the bond was not admissible in evidence, on the ground that the justice of the peace did not have jurisdiction of the action of replevin in which the bond was given.

The jury returned a verdict against appellant, upon which the court rendered judgment, to reverse which an appeal has been prosecuted.

The action of replevin was brought by G P. Gilham against Charles and Charles P. Sebastian. The affidavit upon which the writ of replevin issued stated that the plaintiff was the

owner and lawfully entitled to the possession of the following goods and chattels, to-wit: about 1200 rails in a string of fence 80 rods long, on the west side of the north-west quarter of the south-west quarter of section 1, township 4 north, range 9 west of third principal meridian, in Madison county, Illinois. The description of the property in the writ, and the bond taken by the constable before the writ was executed, followed the affidavit.

The affidavit, however, was, on motion, amended before a trial was had, by striking out the words "in a string of fence 80 rods long," but no alteration was made in either the writ or bond.

The question presented by this record is, whether a person, who institutes an action of replevin, obtains possession of the property under the writ, submits to a trial, and is defeated, can, when sued upon the bond which he has voluntarily given to the officer who executed the writ, be heard to say the court whose process he has invoked had no jurisdiction of the subject matter.

It is insisted by appellees, that the bond upon which this action is instituted was given solely for the benefit and protection of the constable who executed the writ. In this, however, they are mistaken. The statute requires the officer, before he executes the writ, to take a bond, which is required to be returned with the writ. In case he fails to do this, he is liable, in an action. for damages. These requirements of the statute are for the benefit of the defendant.

In the case of *Petrie* v. *Fisher*, 43 Ill. 442, it was expressly held, that the object of a replevin bond, under our statute, is not merely to indemnify the sheriff, but also to furnish an additional remedy to the defendant in case the plaintiff fails to maintain his suit.

It is also insisted by appellees, that the writ was void on its face, and the officer could not indemnify himself against executing void process by taking a bond with security.

It is not necessary to inquire whether the writ showed upon

its face that the justice of the peace had no jurisdiction. As before remarked, the bond was taken for the benefit of the defendants in the replevin suit. They have instituted this action to recover upon it. When the bond was taken, they had no knowledge of the contents of the writ or bond. They were in no manner chargeable with knowledge of the contents of the writ at the time the bond was executed, and hence the argument that the officer who took the bond did so with notice that the justice had no jurisdiction, in so far as the rights of the defendants in the action of replevin are concerned, must fall to the ground.

It is by no means clear the writ showed upon its face that the justice had no jurisdiction. Rails, as well as a string of fence, may be personal property. The writ showed upon its face that the plaintiff in the action, appellee here, had filed an affidavit, in which he had solemnly sworn that the property was personal property. The writ characterized the property as personal. The officer, in addition to this, had the oath of appellee. Under such circumstances, to hold that, if an officer acted under the writ, he did so at his peril, so far as appellees were concerned, would be establishing rather a harsh and dangerous rule towards an officer who is elected and required to serve process.

Independent, however, of this question, we are of opinion that appellees are estopped from insisting that the justice of the peace had no jurisdiction in the case.

They filed an affidavit, obtained the process of the court, had the process executed, executed the bond, all the time claiming and insisting that the court had jurisdiction, and now, when sued upon the bond, they can not be heard to say the process of the court, which they caused to be issued and served, was without the jurisdiction of the justice.

This identical question arose in the case of *Bates* v. *Williams*, 43 Ill. 494, which was an action on a replevin bond. There, as in this case, it was claimed that the court did not have jurisdiction, but the court said, when it is considered

that appellant himself sought that jurisdiction, and executed the bond in question in order to avail of it, he can not now make such an objection. He is estopped by his own act and admission. This principle is recognized in the case of *Shaw* v. *Havekluft*, 21 Ill. 127; see, also, *Smith* v. *Whitaker*, 11 Ill. 417. We are, therefore, of opinion the bond sued upon was admissible in evidence.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*