# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1883.

### HENRY C. SAVAGE ET AL.
### v.
### SARAH B. FRENCH.

1. PLEADING.—Plaintiff brought an action of *quare domum fregit* for the breaking, etc., and taking, etc., defendant pleaded the general issue and a special plea to the taking, setting up in bar a judgment for plaintiff in a previous replevin suit, for the taking the same goods. *Held*, that a demurrer to such plea was properly sustained, as the breaking, etc., of the house constituted the gist of the action, and the taking, etc., of plaintiff's goods by the same act, was mere matter of aggravation.

2. JUDGMENT WHEN A BAR.—A judgment in a replevin suit is a bar to an action of trespass for the taking the same goods, the original cause of action being merged in the judgment.

3. MERGER.—Such merger is not merely of the part brought directly in question in the suit in which the first judgment is recovered but of the entire cause of action regardless of the question whether or not the party suing has recovered all which he had the election to bring.

4. INSTRUCTIONS.—As the instruction given was an indirect mode of informing the jury that because plaintiff could not have received vindictive damages in her replevin suit she might maintain this suit for that purpose, notwithstanding the judgment in the former, it was improper.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding. Opinion filed April 24, 1883.

This action was trespass *quare domum fregit* brought by

Sarah B. French in the court below against Henry W. and Ella M. Savage. The only cause of action set out in the declaration was, that the defendants, January 14, 1878, with force and arms broke and entered plaintiff's dwelling house, situate in the county of Cook, and then and there took, carried away and converted to their own use certain specified goods and chattels of plaintiff then and there being.

The defendants pleaded the general issue, and a special plea to the taking, carrying away, etc., of said goods and chattels, setting up in bar, the suing out before a justice of the peace, by the plaintiff, January 15, 1878, a writ of replevin against the defendants, which was delivered to a constable, for the same goods, etc., whereby they were taken and delivered to the plaintiff and the defendants served; that such proceedings were had in said suit; that January 21, 1878, judgment was given by said justice finding the property in said goods, etc., to be in the plaintiff, and assessing her damage against defendant at one cent, which judgment remained in full force, etc., praying judgment as to the taking, etc., of said goods and chattels.

To this plea the plaintiff demurred and the court sustained the demurrer. Another special plea was filed by defendants, justifying the breaking and entry into the dwelling house of plaintiff, under a chattel mortgage executed in due form by the plaintiff before the time of the alleged trespass, to the defendant, Ella M. Savage, to secure plaintiff's note for ninety dollars, which mortgage authorized such entry, in case of default in the payment of said note, averring such default and the entry under said mortgage. To this, the plaintiff replied setting up said proceedings and judgment in the replevin suit, by way of estoppel, on which issue was taken.

On the trial, there was no evidence tending to show that the breaking and entering plaintiff's house, and the taking the goods and chattels in question, were separate and distinct trespasses; but on the contrary, the evidence showed, that both were by a single and continuous act. The plaintiff gave in evidence the proceedings and judgment in said replevin suit, and proved that the goods and chattels in question in that suit,

were identical with those specified in the declaration in this present suit.

The jury found both the defendants guilty, and assessed plaintiff's damages at $2,500, on which the court, overruling defendants' motion for a new trial, gave judgment, and defendants bring the record here for revision.

Messrs. Dent & Black, Mr. B. F. Richolson and Mr. Russell H. Curtis, for appellants; that by the suit in replevin plaintiff had made her election, and having recovered judgment therein, could not bring trespass for the taking or detention of the same goods, cited Karr v. Barstow, 24 Ill. 580; Bennett v. Hood, 1 Allen, 47; 1 Chitty on Pleading, *207–376; Stanley v. Gaylord, 1 Cushing, 545; Coffin v. Knott, 2 Greene (Iowa), 582.

Exemplary damages are sometimes given in replevin in peculiar circumstances: Cable v. Dakin, 20 Wend. 172; Brizsee v. Maybee, 21 Wend. 144; McDonald v. Scaife, 11 Penn. St. 381; Schofield v. Ferrers, 46 Penn. St. 438.

As to excessive verdict: Cochrane v. Tuttle, 75 Ill. 361.

Messrs. Bangs & Kirkland, for appellee; that appellee was entitled to recover exemplary damages upon showing actual damages if the evidence disclosed a malicious and wanton trespass by appellant, cited 2 Sedgwick on Damages, 7th ed. 487; Plumb v. Ives, 39 Conn. 132; St. Peter v. Beach, 26 Conn. 335–66.

McAllister, J. We are of opinion that the plaintiff's demurrer to the defendants' plea, setting up the judgment in the replevin suit as a bar to any recovery for the taking, etc., of plaintiff's goods, was properly sustained on the ground that under the declaration such taking, etc., was no substantive part of the plaintiff's cause of action. The action was trespass for the breaking and entering plaintiff's house. In its title, and consequently in its character, it was trespass *quare domum fregit.* By the settled law the breaking, etc., of the house constituted the whole gist of the complaint, and the taking, etc., of plaintiff's goods, by the same act was only matter of

aggravation: Ennis v. Lamb, 10 Bradwell, 447, and cases there cited.

In such case if the plaintiff would convert such taking, etc., of her goods into a substantive cause of action, it could be done only by a new assignment by replication to some plea, setting up a justification to the breaking, etc., of her house under legal process: Taylor v. Cole, 1 H. Black. 555; Gould on Pleading (3d ed.), §§ 109, 110.

To such a new assignment or to a count in this declaration, if there had been one, for trespass to personal property, upon the taking of the goods in question, the matter of said plea would undoubtedly have been a bar. But under the rules applicable to a declaration in trespass *quare domum fregit*, the plea must purport to be and in law be an answer to the principal act, the gist of the action, viz.: the breaking, etc., of plaintiff's house. While the matter of the plea under consideration might, for reasons which we shall presently state, have constituted a good answer, if it had been so pleaded, to the gist of the action, yet by its commencement and prayer for judgment, it is limited to the mere act of taking, etc., of plaintiff's goods, which, by reason of the form of the action and the charge in the declaration, must be regarded not as a substantive part of the cause of action, but as mere matter of aggravation; upon which, by the rules of pleading, it is not proper to raise an issue: 1 Chitty on Pl. 612; Stephen on Pl. (2d ed.), 284, 285.

Although it be the technical result of the manner in which the plaintiff has set forth her cause of action, that the breaking into her house must be regarded as the principal act, and the gist of the action; and the taking of her goods, etc., as only matter of aggravation, yet her declaration charges them both as parts of one and the same trespass: Taylor v. Cole, *supra*. There was manifestly an object in so proceeding; which was to avoid the effect of a former recovery for the taking of the goods. It is clear, however, that the technical result from the form of pleading, above referred to, in no respect changes the original nature of the alleged trespass. The taking, etc., of her goods as a continuation of the act of breaking, etc., of her house, was in fact and in law a part of

Savage v. French.

the same trespass; and, at her election, could be treated as a substantive cause of action. This proposition is supported by what can not be controverted, that it would have been entirely competent for her to have added a count to her declaration in trespass to personal property for this same taking of her goods, or in a proper case, made such taking a substantive cause of action by a new assignment as above stated.

On the trial there was no attempt to show that the act of taking plaintiff's goods was a distinct act from that of breaking and entering her house, on the contrary the evidence is all one way, that they were both but one continuous act. That being so it is too plain for argument that both acts amounted to but one trespass and constituted a single cause of action. It appears from the record that as a part of her case, the plaintiff introduced evidence showing that immediately after the time of the trespass she elected to bring an action of replevin in justice's court, against the defendants, for the recovery of the goods so taken; that the justice had jurisdiction of the parties and the subject-matter, and that in such suit she recovered judgment against the defendant for her property and nominal damages. The question seems to fairly confront us, whether the plaintiff did not affirmatively show herself disentitled to maintain this action; or in other words, whether the introduction in evidence by her of the proceedings and judgment in the replevin suit was not subversive of her cause of action and entitled the defendants to a verdict and judgment.

That the judgment in the replevin suit would be a bar to an action of trespass for the taking the same goods is settled by the case of Karr et al. v. Barstow, 24 Ill. 580; see, also, Bennett v. Hood, 1 Allen, 47.

Now if the judgment in the replevin suit would operate as a bar to an action of trespass for the same cause of action, for what reason and upon what principle would it so operate? The reason and principle are that the replevin suit being based upon the original cause of action, by the judgment therein, such cause of action was reduced to a certainty, became changed into a matter of record and consequently

merged in the judgment.   King v. Hoare, 13 Mees. & Welsh. 494.

When there is but a single cause of action such merger is not merely of the part brought directly in question, in the suit in which the first judgment is recovered, but must necessarily be of the entire cause of action regardless of the question whether or not the party suing has recovered all which he might have recovered in some other action, which he had the election to bring.   Kendall v. Stokes, 3 How. (U. S.), 100. If this were not so, then it would follow that one cause of action may be split into several, especially if founded in tort.

But it is well settled, that the rule that one cause of action can not be split into several, is as applicable to actions *ex delicto* as to those *ex contractu;* that a single act of trespass or conversion can be the foundation for but one suit for damages.   Freeman on Judgments, § 241, and cases in notes; Brannenburg v. Indianapolis, etc. R. R. Co. 13 Ind. 100; White v. Mosely, 8 Pick. 356; Johnson v. Smith, 8 John. 383; Lamb v. Walker, 3 Q. B. D. 389; 1 Sutherland on Dam. 183, note 2.

The court at the instance of the plaintiff gave to the jury this instruction:   "The court instructs the jury that vindictive damages or smart money cannot be recovered in a suit in replevin."

That instruction was an indirect mode of informing the jury that, because the plaintiff could not have recovered vindictive damages in her replevin suit, she might maintain this suit for that purpose, notwithstanding the judgment in the former. Such would be the application of the instruction which the jury would naturally make.

The plaintiff, as we have before said, had her election when the trespass was committed, to bring trespass, in which if the facts warranted, she could recover vindictive damages; or to bring trover or replevin, in which she could not.   She elected to bring the latter.   We can not better show the groundlessness of the theory on which the instruction was based, than by quoting the observations of Taney, Ch. J., in Kendall v. Stokes, *supra:* " If the goods of a party are forci-

bly taken away under circumstances of violence and aggravation, he may bring trespass, and in that form of action, recover not only the value of the property, but also what are called vindictive damages, that is, such damages as the jury may think proper to give to punish the wrongdoer; but if, instead of the action of trespass, he elects to bring trover, where he can recover only the value of the property, it never has been supposed that, after having prosecuted the suit to judgment and received the damages awarded him, he can then bring trespass upon the ground that he could not, in the action of trover, give evidence of the circumstances of aggravation which entitled him to demand vindictive damages." See, also, Karr et al. v. Barstow, 24 Ill. 582.

We are of opinion that, upon the evidence, the plaintiff was not entitled to recover, and that the court below should have granted defendants' motion for a new trial. The judgment will be reversed and the cause remanded.

Reversed and remanded.