## C. C. Presson v. J. M. Worthen et al.

1. ELECTION OF REMEDIES—*Replevin, and Suits upon Constables' Official Bonds.*—A person whose property is unlawfully taken by a constable under an execution may recover the same in an action of replevin, or he may sue upon the constable's official bond for damages, as he may elect, but having elected to sue in replevin he can not afterward maintain an action on the bond.

**Debt,** upon a constable's bond. Appeal from the County Court of Jackson County; the Hon. R. J. McElvain, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed September 5, 1896.

WILLIAM A. SCHWARTZ, attorney for appellant.

W. P. LIGHTFOOT, attorney for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellee Worthen, a constable, having an execution against J. A. Presson, levied the same upon four hogs and a box, which was the property of appellant. The hogs were recovered by appellant in an action of replevin before a justice of the peace. The box was not found, and appellant did not seek to recover the value thereof, or damages for the wrongful taking and detention of the property.

Afterward appellant brought an action on the constable's official bond for the recovery of these items, together with damages for time lost and expenses incurred in the prosecution of the replevin suit.

After the evidence had been heard, appellees made a motion that the cause be dismissed, on the ground that the judgment in the replevin suit is a bar to an action on the bond. The ruling of the court in sustaining this motion is assigned for error.

Two cases are cited which seem to support the ruling of the trial court.

In Karr and White v. Barstow, 24 Ill. 580, it is held that a plaintiff who recovers his goods from a defendant in an action of replevin, can not afterward sue the defendant and another person in trespass for the same transaction, even though the damages awarded in the replevin suit may not have been collected.

In Savage v. French, 13 Bradw. 17, it is held that a judgment in a replevin suit is a bar to an action of trespass for the taking of the same goods, the original cause of action having become merged in the judgment.

If an action of trespass is precluded by a recovery in replevin, there is no good reason why the same rule should not be applied to an action on the constable's official bond.

In answer to the assertion that the parties are not the same, it is sufficient to say that this very point is covered by the decision in Karr and White v. Barstow. Ordinarily trespassers may be sued separately, though the plaintiff can have but one satisfaction of his demand. But in the Bar-

stow case it is said that when the plaintiff obtains the goods in the replevin suit he has satisfaction, even though he may never collect the damages, and he can not afterward bring an action of trespass against the replevin defendant and his co-trespassers for the same transaction.

In answer to the argument that an action on the bond should be allowed for the reason that the constable himself may be insolvent, it may be said that the same argument would authorize an action of trespass against the constable's solvent co-trespassers. The law does not permit the plaintiff to split one cause of action. He can not replevy part of the property, and then institute another replevin suit for another part. If he fails to secure part of the property under the writ, he must recover its value in the same suit, or be barred from recovery thereof. The aggrieved party is put to an election between remedies, and, if he chooses replevin, must recover his damages in that action. In an action of trespass, he may recover exemplary damages, but if he elects to bring replevin, he thereby abandons forever any claim for exemplary damages.

On the other hand, there is no item of damages recoverable in an action on the bond which may not be allowed in a replevin suit. The damages which may be assessed in either form of action are for the taking and detention of the property. Damages can not be allowed for personal expenses, or for attorney's fees. Jones v. The People, 19 Bradw. 300; Harris v. Eldred, 42 Vt. 39.

The cases holding that a trial of the right of property is no bar to an action for damages, have no application here, for the reason that such a proceeding is not one in which damages can be assessed, or to which the officer is a party.

From every reasonable point of view, the cases above cited apply, as well to an action on the constable's official bond as to an action of trespass, and, on the authority of those cases, the ruling of the lower court must be sustained.

The judgment is affirmed.