In the Matter of the Partnership Estate of COGSWELL & CO.; Heirs of JOHN C. COGSWELL et al., Plaintiffs, Appellants, v. WILLIAM FREUDENAU, Surviving Partner, etc., Defendant, Appellant.

St. Louis Court of Appeals, April 1, 1902.

1. **Partnership:** SETTLEMENT: CLAIM BY SURVIVING PARTNER: ASSETS: ESTOPPEL. When a surviving partner qualifies as administrator of the partnership estate, on affidavit that the deceased partner owned a half interest in the fund due the firm by the government, and the decedent's heirs discontinue their claim against the government, and assert it against the partnership, such surviving partner, after collection of the claim in his capacity as administrator, can not assert that it was never a partnership asset.

2. ———: ———: ———. When a decedent's alleged indebtedness to a surviving partner for payments by him are barred, such surviving partner in settlement of the partnership estate can not retain a fund against decedent's heirs as in partial settlement of such indebtedness.

3. ———: ———: INTEREST OF HEIRS OF DECEASED PARTNER IN HIS ESTATE: EXCEPTIONS TO SETTLEMENT. The heirs of a deceased partner are sufficiently interested to entitle them to except to the settlement of an administrator of the partnership estate.

4. **Practice, Trial:** PRACTICE, APPELLATE: OBJECTIONS TO ALLOWANCES IN PROBATE COURT. Objections to allowances in an administrator's settlement of a partnership estate, not urged in the briefs, will not be considered on appeal.

In re Estate of Cogswell & Co.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*J. P. Maginn* for plaintiffs.

(1)  The administrator of John C. Cogswell, although appointed and qualified subsequent to the judgment of the probate court, when thus qualified became the owner of the asset, and was properly a party to the appeal, with the heirs of John C. Cogswell. R. S. sec. 278, p. 181.  (2)  Mr. Freudenau, having claimed the funds in the treasury at Washington as his individual property, and, being opposed before the treasury department by the heirs of John C. Cogswell, who claimed the fund was partnership estate of Cogswell & Company, conceded the truth of the heir's claim; solemnly swore to its truth in his application to the probate court of the city of St. Louis, for authority, as surviving partner, to administer the fund as partnership estate; presented his certified copy from that court of its authority to him as surviving partner to the department at Washington, received and receipted for the fund as such, deposited the fund in that capacity and drew it out on checks signed by him as such.  He is, therefore, forever estopped from alleging that such fund was not partnership estate, and from attempting to assert a right thereto as his individual property as against the legal representatives of his deceased partner. State ex rel. v. Branch, 151 Mo. 639; 2 Pomeroy Eq. Jur., sec. 805; Anderson v. Walker, 49 S. W. (Tex.) 946; Bombeck v. Bombeck, 18 Mo. App. 34; Bigelow, Estoppel, 435, 576; Perryman v. Greenville, 51 Ala. 507; Morris v. State, 47 Tex. 583; McClure v. Commonwealth, 80 Pa. St. 169; U. S. v. Nicolls, 4 Cranch C. C. 290; U. S. v. Bender, 5 Cranch 620.

*R. M. Nichols* for Wm. Freudenau, Admr., defendant.

(1)    The dissolution of Cogswell & Company, in 1864, did not destroy the co-partnership as to collectible assets, so as to prevent or disable the surviving partner to bring suit or take other legal proceedings in the name of Cogswell & Company to collect the assets, and the taking out of letters for that purpose was consistent with his absolute right so to do, regardless of who owned the residuary interest in the fund. Hargadine v. Gibbons, 45 Mo. App. 460; Hargadine v. Gibbons, 114 Mo. 561; Bender v. Markle, 37 Mo. App. 235; Judy & Co., etc. v. Mfg. Co., 60 Mo. App. 114.    (2)    The asset, so far as creditors of Cogswell & Company were concerned, which was the purpose of the administration, was a partnership asset, and the statement by William Freudenau in his application, as surviving partner, to the probate court, that John C. Cogswell was interested in the property or assets of the co-partnership, consisting of the claim against the United States government in favor of Cogswell & Company, was not untrue or inconsistent with the assignment by John C. Cogswell to William Freudenau, because it was a partnership asset and belonged to the creditors of Cogswell & Company before the right of the individual partner could attach, and William Freudenau's omission to set forth the fact that he was assignee of the rights of John C. Cogswell after the payment of the creditors of Cogswell & Company, was immaterial and foreign to the purpose of the application.    McWilliams v. Ramsey, 23 Ala. 819; Bates on Partnership, secs. 183, 715, 756, 1098; Level v. Ferris, 24 Mo. App. 445; Goddard, etc. v. McCune, 122 Mo. 426.    (3)    While the heirs of Cogswell had no interest, and consequently could not be injured by any act which Mr. Freudenau could do in relation to the fund, but assuming that they had an interest, how have they in any way changed their position by reason of any act done by Mr. Freudenau, by which Mr. Freudenau would

be estopped to assert his claim to the fund? Gray v. Gray, 83 Mo. 111; Bigelow on Estoppel (4 Ed.), 445; Johnson, etc. v. Railroad, 126 Mo. 353; Brinkerhoff v. Horn, 83 Mo. App. 120; Ford v. Fellows, 34 Mo. App. 630; Horton v. Hodgton, 32 Me. 127; Conkey v. Hawthorne, 69 Wis. 194.

GOODE, J.—In 1859 or 1860, John C. Cogswell and William Freudenau the defendant, were partners in the milling business in the city of St. Louis. The co-partnership paid sundry taxes to the United States government, which turned out to have been illegally collected and were afterwards refunded by the government between the years 1868 and 1897, the last money being refunded in the latter year and amounting to thirteen hundred and six dollars. Congress passed an act for the relief of Cogswell & Company in 1897, on learning of which the heirs of John C. Cogswell set up a claim to one-half the money which was to be refunded, before the proper department of the government, and William Freudenau made a claim to all of it as his individual property by virtue of an assignment from his former partner, John C. Cogswell.

Cogswell's heirs consulted an attorney on learning of said act of Congress, and while the matter was in the hands of this attorney and being pushed by him before the department, he learned of Freudenau's claim, which was likewise being pushed by the latter's attorney. Some correspondence and interviews ensued between Freudenau and Maginn, the attorney of the Cogswell heirs, in which Freudenau made known to Maginn his claim to the whole of the fund on the ground that it had been assigned to him by Cogswell, and Maginn asserted against this claim, that the amount was a partnership asset and half of it belonged to his clients, the heirs of John C. Cogswell.

The Federal government refused to pay it to any one except a duly qualified administrator of the estate of Cogswell

& Company, and Freudenau, as the surviving partner, took out letters of administration on the partnership estate in the probate court of the city of St. Louis. His application for letters was as follows:

"Application for Administration of Partnership Estate.

"State of Missouri, City of St. Louis, ss.

"To the Hon. Leo Rassieur,
Judge of the Probate Court of the City of St. Louis:

"The petition of the undersigned William Freudenau respectfully presents: That he is the surviving partner of the late firm of Cogswell & Co. which was composed of your petitioner and John C. Cogswell; that said John C. Cogswell died on or about the twenty-eighth day of March, 1894; that he was a resident of the city of St. Louis, in the State of Missouri; that the interest of said deceased in the property and assets of said co-partnership does not exceed the sum of six hundred and fifty-three dollars in value.

"Consisting of a claim against the United States by aforesaid firm for $1306, said claim being allowed by an act of the 54th Congress, to be adjusted by the commissioner of internal revenue.

"Wherefore your petitioner desires to give bond and qualify as such surviving partner, and to take charge of and administer said partnership estate.

"WILLIAM FREUDENAU.

"The above named William Freudenau being duly sworn, on his oath says that the matters and facts set forth in the foregoing petition are true, to the best of his knowledge, information and belief.

"WILLIAM FREUDENAU.
"No. 3427 Barrett Street."

In re Estate of Cogswell & Co.

It will be seen from the foregoing application that Freudenau stated the interest of John C. Cogswell, deceased, in the property and assets of the co-partnership did not exceed the sum of six hundred and fifty-three dollars in value, and that the assets consisted solely of a claim against the United States by the aforesaid firm for one thousand three hundred and six dollars, thus designating as a partnership asset the very money now in controversy. The United States paid the money to Freudenau as administrator, who placed it to his credit as administrator in the Mississippi Valley Trust Company and afterwards checked it out and used it for his own benefit. When the time came for him to make final settlement, instead of making one, he filed in the probate court a statement in regard to the administration in which he referred to the old firm of Cogswell & Company and recited that at the time of the dissolution of it Cogswell assigned to him all his interest in the nonavailable assets, including the claim against the United States government; that during the lifetime of Cogswell he collected a large amount of those unavailable claims with the knowledge of Cogswell who never demanded any part thereof nor was asked to defray any part of the cost of collection; that one of those assets was the item in controversy, in order to collect which he (Freudenau) was compelled by the comptroller of the United States treasury to take out letters of administration as surviving partner; that he had filed no inventory of the assets, but had collected the sum of twelve hundred and eighty-seven dollars and sixty-seven cents, from which his attorney in Washington had deducted three hundred dollars for a fee, and he (Freudenau) had been out various expenses, leaving the net proceeds of the claim only six hundred and thirty-eight dollars and ninety-six cents. The statement then concludes as follows:

"But the undersigned insists that this amount does not belong to the estate of Cogswell & Company, of which firm he is the surviving partner; he denies that the estate of John

C. Cogswell has any interest therein; which is evidenced by the certified copy of the writing executed by the said John C. Cogswell, and filed in your court when the motion for 'no process' was made, and under these circumstances he now, as administrator and surviving partner, reports to your honorable court as follows:    That he has no money or other assets in his possession or under his control belonging to the estate of Cogswell & Company, and that having no money belonging to said estate he has paid out none on account thereof."

It thus appears that Freudenau set up a claim to the entire fund which he had collected from the United States as administrator by virtue of the assignment alleged to have been theretofore made to him by Cogswell and took a position directly opposed to the one taken by him in his application for letters.    Exceptions were filed to this settlement, or excuse for not making a settlement, by the Cogswell heirs, and when said exceptions were sustained, Maginn, their counsel, took out letters of administration on the estate of John C. Cogswell, who died in 1894, in order to collect half of the fund after deducting expenses, which the probate court adjudged was due to the Cogswell estate.

An appeal was taken by Freudenau from the judgment of the probate court to the circuit court, and by both sides from the last-named court to this one; defendant appealing on the ground that he was entitled to all the money, and the plaintiffs because they were dissatisfied with some credits allowed the defendant.

Freudenau introduced in evidence the following assignment:

"To all whom it may concern:    This is to certify that I have sold all of my interest in and to the assets of the firm of Cogswell & Company, of whatsoever description and not heretofore conveyed or assigned, to the Union Steam Mill Company, including the award of damages by the city of St.

Louis for the opening of the wharf, to William Freudenau, my late surviving partner.

"In witness whereof I have hereunto set my hand and seal this the third day of July, 1868.

"JOHN C. COGSWELL."

It should be stated in this connection that the firm of Cogswell & Company had sustained a heavy loss by fire and thereafter assigned most of their assets to the Union Milling Company, composed of them and certain of their creditors who took stock in the Union Steam Milling Company in proportion to their claims against Cogswell & Company. The demand against the United States government on account of illegal taxes, however, was not assigned to the Union Steam Milling Company as is conceded, and therefore fell within the terms of the foregoing assignment to Freudenau.

We agree with the probate and circuit courts that it was out of the question for Freudenau to qualify as administrator of the partnership estate on an application verified by his affidavit that Cogswell's estate owned half of this very fund, collect the fund from the United States in his capacity of administrator and thereafter claim it was never a partnership asset because it had been previously assigned to him. Such a course as that was a fraud on the Cogswell heirs, who acquiesced in the payment of the money to Freudenau after he took the foregoing steps to collect it, as their right was recognized and conceded thereby. The defendant claims said heirs were not prejudiced, as the demand had been assigned to him and they could never have come in for any part of it. But the evidence shows they contested the assignment from the first and claimed this particular fund was a partnership asset in which they were entitled to share, that they were asserting their rights before the proper department of the Federal government and never in any manner conceded that Freudenau was entitled to the entire fund. Their status was

distinctly altered by his collection of the money as adminis-
trator, inasmuch as their claim was not thereafter against the
government, but against the partnership, and it is no answer
to their complaint to say they could not have gotten the money
from the government in any event on account of the assign-
ment.    No one knows whether they could or not; but it clearly
appears they ceased the contest before the department and
allowed him to receive the fund, solely because he did so in
a fiduciary capacity that was consistent with their claim,
which they notified him they would still insist on after it
should be paid to him as administrator.    State ex rel. v.
Branch, 151 Mo. 639.

If this fund was not partnership property, the probate
court had no jurisdiction of it and the acts of the defendant
in receiving it as partnership property and inducing the court
to take jurisdiction was a fraud on the law and the court, as
well as on the plaintiffs.    A party who knows all the facts
and is laboring under no mistake as to his rights, can not in-
voke the jurisdiction of a court to confer on him a fiduciary
character and after this has been done and he has collected
money or assets by that means, repudiate his fiduciary obliga-
tions and appropriate the fund to his own use.    Bombeck v.
Bombeck, 18 Mo. App. (K. C.) 26; State ex rel. v. Dorton,
145 Mo. 312; Estate of Glover & Shepley, 127 Mo. 153;
Cunningham v. Jacobs, 120 Ind. 306; Folnestock v. Gilham,
77 Ill. 637; Bates v. Williams, 43 Ill. 494; People v. Fal-
coner, 2 Sandf. 81; Hines v. Mullins, 25 Ga. 696.

It is said the circuit court erred in excluding the evidence
offered by the defendant that John C. Cogswell owed him
large sums of money on account of the partnership estate
and that he was therefore entitled to retain this money in
partial satisfaction of that indebtedness.    His claim that Cogs-
well was indebted to him is based on payments of debts owing
by the firm of Cogswell & Company, which he claims to have
made out of his individual money prior to 1870.    Cogswell

died, as we have seen, in 1894, and certainly his indebtedness to Freudenau on account of all such payments was barred; for the statute had been running against it for twenty-seven years or longer. The court committed no error in that ruling.

Neither do we think it was erroneous to allow the heirs of John C. Cogswell to file exceptions to Freudenau's final settlement as administrator of the partnership estate. Defendant contends no one but the administrator of Cogswell's individual estate could except; but no administration of the individual estate of Cogswell had as yet been granted, and his heirs were certainly sufficiently interested in whatever was coming to his estate to give them a standing in court as exceptors to an unjust and illegal settlement. 2 Woerner's Administration Law, sec. 541.

The only remaining question is in regard to the credits which were allowed to Freudenau, and in this respect the judgment of the circuit court certainly dealt liberally with him. Plaintiffs have not set forth what allowances they object to, nor the reasons why they object, but we presume their objections go to some of the counsel fees paid by Freudenau while he was pushing his claim before the department; but as plaintiffs have not chosen to present this matter to us in their brief, we will not trouble ourselves further about it, but affirm the judgment. *Bland, P. J.,* and *Barclay, J.,* concur.