## William A. Harris v. Nels Nelson.

### Gen. No. 11,020.

1. WRONGFUL LEVY—*when action of trespass does not lie for.* Where, under an execution against a third party a levy has been wrongfully made upon the property of the plaintiff, who thereafter instituted and successfully maintained replevin, such plaintiff cannot also maintain trespass to recover damages for such wrongful levy.

2. WRONGFUL LEVY—*remedies for.* Where a levy has been made upon the property of a stranger under an execution, such person may maintain trespass and, if the facts warrant, may recover even vindictive damages, or he may maintain trover or replevin, but he cannot maintain both.

Action commenced before justice of the peace. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed April 12, 1904.

MASTERSON, HAFT & DANDRIDGE, for plaintiff in error.

ARTHUR W. McGOVNEY, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This case came before the Circuit Court on appeal from a judgment obtained before a justice of the peace. The action was brought to recover from defendant in error damages alleged to have been suffered by reason of a levy made by a constable under an execution against a third party upon property belonging to the plaintiff in error. Plaintiff eventually recovered back the property under a replevin writ, and upon the trial of the issue in replevin the right of property was found in plaintiff in error and judgment was

entered in his favor.    He seeks in this proceeding to recover damages occasioned by the wrongful levy, notwithstanding his recovery in the replevin suit.    This he cannot do.    If he selected the form of action in which he was not entitled to recover all the damages he claims to have suffered, he must be content with the remedy which that form of action has afforded him.    Karr v. Barstow, 24 Ill. 581–582. Plaintiff had the option to bring trespass, in which, if the facts warranted, he might have recovered even vindictive damages, or to bring trover or replevin, in which he could not.    The controlling principles are stated in an opinion by McAllister, J., in Savage v. French, 13 Ill. App. 17–32–23, to which reference may be had.    See, also, Presson v. Worthen, 66 Ill. App. 457, 458.    Under the statute plaintiff was entitled to recover in the replevin suit "damages for the detention of the property while the same was wrongfully detained by the defendant."    R. S., chap. 119, sec. 23. It must be presumed he recovered in that action all damages growing out of the wrongful taking to which he was entitled.    That judgment is a bar to an action to recover for taking the same goods, the original cause of action having been merged in the judgment.

It follows that the judgment of the Circuit Court must be affirmed.

*Affirmed.*

Mr. Justice BAKER having presided at the hearing of this cause in the trial court, did not participate in the foregoing opinion.