# Mary Bryers, Appellee, v. Highland Park Transfer & Storage Company et al., Appellants.

## Gen. No. 7,707.

1. PLEADING—*purpose of notice of special defense.* The purpose of a notice of special defense under the plea of general issue is to obviate the filing of special pleas and any matter included in the notice may be shown as fully as by special plea of such matter.

2. PLEADING—*effect of notice of special defense on plea of general issue.* The plea of the general issue, accompanied by a notice of special defense, is to be considered a consolidated plea setting forth every defense appearing in the notice.

3. PLEADING—*special defense in trespass.* In an action of trespass for the wrongful taking of personalty, a judgment for the same plaintiff in replevin for the identical goods can be shown as a defense by a notice of special defense given under the general issue.

4. REPLEVIN—*effect of failure to seize property.* Failure to seize property sought to be replevied does not deprive the court of jurisdiction to give judgment for the property, where both parties appear in court and submit to the judgment of the court.

5. JUDGMENTS—*who not entitled to make collateral attack.* A party who causes a judgment to be rendered cannot collaterally attack it for want of jurisdiction, defect in procedure or for any other ground.

6. ELECTION AND WAIVER—*judgment in replevin as bar to actions in trespass.* One who recovers in replevin possession of the goods cannot afterwards sue the same party and another in trespass for the same transaction whether or not the damages awarded in replevin were recovered.

7. DAMAGES—*$600 as excessive for trespass.* An award of $600 as damages for trespass by removing wrongfully plaintiff's personalty held excessive in view of there being no actual breaking or entry.

Appeal by defendants from the Circuit Court of Lake county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded. Opinion filed September 24, 1927.

ALBERT L. HALL and MINARD E. HULSE, for appellants.

ERNEST S. GAIL, for appellee.

Mr. Presiding Justice Jett delivered the opinion of the court.

The record discloses that Mary Bryers, appellee, recovered a judgment in trespass on the case against Highland Park Transfer and Storage Company, a corporation, Alexander Rafferty, Jr., Carl Miller and Laura Webb, appellants, for $600. Motion for a new trial was overruled and judgment rendered on the verdict of the jury. This appeal followed.

For convenience the appellee will be called the plaintiff and the appellants defendants.

The declaration consists of two counts. The charge of each count in the declaration is that the defendants wrongfully broke into and entered the room of the plaintiff and took therefrom certain wearing apparel and other effects belonging to the plaintiff, and wrongfully detained the same. A plea of the general issue was filed by the defendants with a notice of special defense. The special defense relied upon is set out in certain proceedings in replevin, had before a justice of the peace in which the plaintiff recovered a judgment for the identical goods that are mentioned and described in the declaration. This replevin proceeding is set up as a bar to the present action.

Each of the counts of the declaration begin by charging that the defendants broke into and entered a certain room, the abode of the plaintiff, and then avers that the said defendants seized certain wearing apparel and other effects belonging to the plaintiff and refused to return the same upon demand. Notwithstanding the charge in the declaration and what is disclosed by the evidence, the defendants insist that the judgment entered in the justice court against the defendant, Highland Park Transfer and Storage Company, a corporation, is a bar to the present suit. It is the contention, however, of the plaintiff that the replevin proceeding should have been specially pleaded and that it could not be shown as a defense by a

notice given under the general issue. We think there is no merit in this contention because it is well understood that the purpose of a notice of special defense to be shown under a plea of the general issue is to obviate the filing of special pleas. We are further of the opinion that any matter included within the notice can be as fully shown under it as if special pleas had been filed, setting up such specific matters.

Section 46 of the Practice Act, Cahill's St. ch. 110, ¶ 46, provides:

"The defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense, or may plead the general issue, and give notice in writing under the same, of the special matters intended to be relied on for a defense on the trial; in which notice the special matters so intended to be relied on shall be clearly and explicitly stated; and under which notice, if adjudged by the court, to be sufficiently clear and explicit, the defendant shall be permitted to give evidence of the facts therein stated, as if the same had been specially pleaded and issue taken thereon."

A plea of the general issue, accompanied with a notice of special defense, is equivalent to a plea of not guilty, plus as many additional pleas as would be necessary to set up the several defenses specified in the notice, and such a plea is to be considered as a consolidated plea setting forth every defense set forth in the notice. This rule is clearly announced in the case of *Hunter v. Troup*, 226 Ill. App. 343, where on page 347 the court said:

"The purpose of the enactment of said section 46 was to obviate the necessity for filing additional pleas setting up matters which under the rules of pleading must be specially pleaded. A plea of the general issue accompanied with a notice of special defenses is equivalent to a plea of nonassumpsit plus as many additional pleas as would be necessary to set up the sev-

eral defenses specified in the notice.   Such plea, accompanied by notice of special matters intended to be relied on for a defense, is to be considered as a consolidated plea, presenting every defense set forth in the notice.''

In *Bailey v. Valley Nat. Bank,* 127 Ill. 332, at page 338, the court, in discussing the effect of the then section 28 of the Practice Act, which is now section 46, among other things, said:

''That by the provisions of section 28, matters of fact constituting a legal defense to the action, instead of being set forth, as at common law, by special plea, may be stated in a notice under the general issue, and evidence of such facts given on the trial, with like effect as if the same had been specially pleaded.''

It is the contention of the plaintiff that the replevin suit was necessarily at an end when the officers failed to find the property, and that consequently the judgment rendered in the justice court was of no effect for want of jurisdiction of the subject matter thereof. The record discloses that on January 16, 1925, the case was tried and proof heard by the justice of the peace and that, after a hearing on said proofs and the admissions of the defendant, a judgment for the recovery of the property described in the replevin writ was rendered for the plaintiff with costs.

It is the contention of the defendant that the failure of the officers to seize the property in the replevin proceedings did not deprive the court of jurisdiction for the reason that both parties being present at the trial of the issues in the cause and submitting to the judgment of the court, impliedly if not expressly, stipulated that the right to the property described in the writ of replevin should be determined by the justice of the peace.

In *Sanger v. Kinkade,* 16 Ill. 44, an action of replevin was brought and a horse, which among other things was named in the writ, was not taken by the

sheriff. The parties expressly stipulated that the right to this horse should be one of the issues submitted to the jury, and the court, in holding that the lower court had jurisdiction to try the question of the right to immediate possession of the horse, on page 46 said:

"The fact that the horse was not taken under the writ of replevin, did not preclude the parties from having the question of ownership determined in this action. The pleadings embraced the horse, and the parties expressly stipulated that the right of property thereto should be one of the issues submitted to the jury. This gave the court full jurisdiction of the question."

Furthermore, a party at whose instance a judgment is rendered is not entitled in a collateral proceeding to contend that the judgment is invalid. Neither want of jurisdiction, defect of procedure, nor any other ground of invalidity can be availed of collaterally by the party who is responsible for the existence of the judgment.

In *Bates v. Williams,* 43 Ill. 494, an action was brought upon a replevin bond and upon appeal the main objection taken to the declaration filed in the case was that it did not aver that the justice of the peace, before whom the action of replevin was tried, had jurisdiction of the cause. The court held, however, that when it was considered that the obligor himself sought that jurisdiction and executed the bond in the suit, in order to avail himself of it, he could not make such an objection, as he was estopped by his own act and admission.

The case of *Bates v. Williams, supra,* was followed in *Fahnestock v. Gilham,* 77 Ill. 637, where on page 639, the court, among other things, said:

"This identical question arose in the case of *Bates v. Williams,* 43 Ill. 494, which was an action on a replevin bond. There, as in this case, it was claimed

that the court did not have jurisdiction, but the court said, when it is considered that appellant himself sought that jurisdiction, and executed the bond in question in order to avail of it, he cannot now make such an objection. He is estopped by his own act and admission. This principle is recognized in the case of *Shaw v. Havekluft,* 21 Ill. 127.''

We are of the opinion that the justice of the peace acquired jurisdiction of the subject matter of the replevin suit and also that the plaintiff is estopped from contending that the judgment is invalid, for the reasons indicated. The rule is, therefore, as we understand it, that where one recovers in replevin and gets a return of the goods from one party, he cannot afterwards sue the same and another party in trespass for the same transaction, no matter whether the damages awarded in replevin have been recovered or not. *Karr v. Barstow,* 24 Ill. 580.

*Harris v. Nelson,* 113 Ill. App. 487, was an action brought to recover from the defendant in error damages alleged to have been suffered by reason of a levy made by a constable under an execution against a third party upon property belonging to the plaintiff in error. Plaintiff recovered back the property under a writ of replevin and upon a trial of the issue in replevin, the right of property was found in plaintiff in error and judgment was rendered in his favor. Plaintiff in error sought to recover damages occasioned by the wrongful levy, notwithstanding his recovery in the replevin suit. At page 488, in a decision of the case, the court said:

''This he cannot do. If he selected the form of action in which he was not entitled to recover all the damages he claims to have suffered, he must be content with the remedy which that form of action has afforded him. *Karr v. Barstow,* 24 Ill. 581–582. Plaintiff had the option to bring trespass, in which, if the facts warranted, he might have recovered even vindic-

tive damages, or to bring trover or replevin, in which he could not. The controlling principles are stated in an opinion by McAllister, J., in *Savage v. French,* 13 Ill. App. 17–22–23, to which reference may be had. See, also, *Presson v. Worthen,* 66 Ill. App. 457, 458. Under the statute plaintiff was entitled to recover in the replevin suit 'damages for the detention of the property while the same was wrongfully detained by the defendant.' R. S., chap. 119, sec. 23. It must be presumed he recovered in that action all damages growing out of the wrongful taking to which he was entitled. That judgment is a bar to an action to recover for taking the same goods, the original cause of action having been merged in the judgment.''

In addition to the conclusion we have reached that the replevin proceeding constitutes a bar to the present action, the evidence further discloses the fact that the verdict of the jury is excessive. There was no actual breaking or entering the room, where the plaintiff had her things. They were taken from a room of one of the defendants. They had been packed by the plaintiff for the purpose of removing them, and the larger portion of them were in cases and boxes which had been placed in the front part of the kitchen of one of the defendants. We conclude, therefore, that the judgment of the circuit court of Lake county should be reversed and remanded, which is accordingly done.

*Reversed and remanded.*