### E. A. Lane and J. S. Barker v. Louis H. Kohn.

1. PRACTICE—*On Dismissal of Suits in Replevin.*—Where a plaintiff in a replevin suit suffers a non-suit and the defendant omits to move the court to enter judgment for the return of the property—in the absence of such motion, and a bill of exceptions showing it with the evidence heard, the ruling of the court and exceptions thereto by the party against whom such ruling was made—this court will presume that the judgment of the court below is right.

2. PRESUMPTIONS—*In Favor of Judgments.*—Every presumption is in favor of the regularity of the judgment of a court of general jurisdiction, and the burden is upon him who alleges error to affirmatively show the same.

3. CONSTRUCTION OF STATUTES—*Section 22, Chapter 119, R. S., Replevin.*—The mandate in Section 22 of Chapter 119, R. S., entitled

" Replevin," that a judgment shall be given for a return of the property in all cases of non-suit, is not unconditional, but is subject to the proviso that if the plaintiff, between the time of commencing the suit and suffering the non-suit, shall have become entitled to the possession of the property, judgment may be given against him for costs and such damages as the defendant shall have sustained.

**Replevin.**—Error to the Circuit Court of McDonough County; the Hon. Charles J. Scofield, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

Baily & Holly, attorneys for plaintiffs in error.

Sherman & Tunnicliffs, attorneys for defendant in error; Louis Danziger, of counsel.

Mr. Justice Wright delivered the opinion of the court.

Defendant in error brought a suit in replevin against plaintiffs in error, and, by means of the writ that was issued, obtained the possession of the property in controversy. A declaration in replevin was filed, to which was pleaded *non cepit, non detinet,* and several pleas denying property in defendant in error. The cause was continued from term to term in the trial court until the February term, 1895, when defendant in error suffered a non-suit, whereupon the court gave judgment against him for costs only, without judgment for the return of the property. This writ of error is prosecuted by the plaintiffs in error to reverse such judgment because the court did not give judgment for a return of the property.

It does not appear from the record that plaintiffs in error moved the court to give judgment against defendant in error for a return of the property, and in the absence of such motion, and a bill of exceptions containing such motion and the evidence heard upon it, and the ruling of the court thereon and the exception thereto by the party against whom such ruling was made, we must presume the judgment of the court was right. It is an elementary rule of the law that every presumption is in favor of the regularity of the judgment of a court of general jurisdiction, and

therefore the burden is upon him who alleges error to affirmatively show the same. Section 22 of the Replevin Act, Rev. St. 1310, provides:

" If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a non-suit or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, when judgment may be given against him for costs and such damages as the defendant shall have sustained; or if the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property."

It will therefore be seen from the statute quoted, that its mandate is not unconditional that a judgment shall be given for a return of the property in all cases of non-suit, but the right to such judgment is subject to the proviso that if the plaintiff, between the time of commencing the suit and suffering the non-suit, shall have become entitled to the possession of the property, judgment may be given against him for costs and such damages as the defendant shall have sustained. It will therefore be presumed, in the absence of a bill of exceptions, that the court was not asked to give such judgment, or having been requested to do so, it found that plaintiff in some way had become entitled to the possession of the property during the time of the pendency of the suit. It seems to us that it could be urged with equal force against the judgment that was rendered by the court, that it is erroneous because no damages were awarded by it for the use of the property, and in such case it would hardly be claimed the court is required to give judgment for damages without first being moved thereto, and hearing proof thereof. The judgment of the Circuit Court will be affirmed.