## Christian G. Ritchie v. J. P. Arnold.

1. SLANDER—*Privileged Communications.*—Where a communication is privileged, before the party concerning whom it is made can maintain an action for slander upon it, he must show that it was made maliciously by the defendant.

2. SAME—*Communications by Bankers Privileged.*—A communication made by a country banker to a mercantile house in a city, in respect to the pecuniary responsibility of a customer of the house, whose note had been sent to the banker for collection, is privileged, and in order to maintain an action for slander upon it, express malice must be shown; it can not be inferred from the mere falsity of the statement.

3. NON-SUIT—*Where the Application Comes Too Late.*—Application for leave to take a non-suit not made until after the court had directed a verdict, and until after it had been written out and was being signed by the jurors, comes too late.

4. POLLING THE JURY—*Object of, etc.*—The object of polling a jury is to ascertain whether any juror had been coerced into agreeing upon a verdict. A verdict for the defendant by direction of the court is never the result of coercion.

**Trespass on the Case,** for slander. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

TIPTON & TIPTON, attorneys for appellant.

SAMPLE & MORRISSEY, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This was an action on the case for slander, brought by appellant against appellee.

Upon the trial the court peremptorily instructed the jury to return a verdict for the defendant, denied the application of the plaintiff to take a non-suit, refused to send the jury to their room for deliberation and refused to allow the plaintiff to poll the jury. The ruling of the court on each one of the points mentioned is assigned for error.

The testimony offered on the trial shows that appellee is engaged in the banking business at Colfax, in McLean county; that there had been sent to him for collection, a promissory note executed by appellant and other parties to the Risser Company, a corporation doing business at Kankakee; that the attorney for the Risser Company, on the 27th of June, 1897, applied to appellee for information as to the solvency of the makers of the note and was told by appellee as to the solvency of appellant that nothing could

be collected from him, as he understood it; that it was a question with the people of the community whether he was worth anything, and that the banks about there were all down on him.

We are clearly of the opinion that the statement made by appellee to the attorney of the Risser Company was a privileged communication. To render it slanderous, therefore, it should appear that it was uttered in malice. Where a communication is privileged, before the party concerning whom it is made can maintain an action for slander he must show that it was made maliciously by the defendant. 1 Hilliard on Torts, 334; Newell on Slander and Libel, 319; McDavitt v. Boyer, 169 Ill. 475; Fowles v. Bowen, 30 N. Y. 20.

There is nothing in the record to indicate malice on the part of appellee. He does not appear to have had at any time any difficulty or misunderstanding with appellant. The words proven seem to have been uttered in good faith in giving requested information to a patron of his bank. A communication made by a country banker to a mercantile house in the city in respect to the pecuniary responsibility of a customer of the house, whose note has been sent to the banker for collection, is privileged, and in order to maintain an action for slander against him, express malice must be shown and can not be inferred from the mere falsity of his statement. Lewis & Herrick v. Chapman, 16 N. Y. 369.

The words uttered by appellee being privileged, and it not appearing they were uttered in malice, appellant failed to make out a case, and the court properly directed a verdict for appellee.

Appellant did not apply for leave to take a non-suit until after the court had directed a verdict and until after it had been written out and was being signed by the jurors. The application came too late.

The court committed no error in refusing to send the jury to their room to deliberate. The court had taken the consideration of the case from them and there was nothing for them to deliberate upon.

Nor was there any error committed in refusing to allow the jury to be polled when the verdict was read. The object of polling a jury is to ascertain whether any juror had been coerced into agreeing upon a verdict—coerced by his associate jurors. A verdict procured in the mode this one was is never the result of coercion from jurors.

There being no error in the record the judgment will be affirmed.