## John Farson et al. v. James H. Gilbert, for use, etc.

1. REPLEVIN—*Effect of Dismissing the Suit.*—By permitting the suit in replevin to be dismissed for want of prosecution, the plaintiff loses his right, when defending a suit upon the bond, to contest claims to the property, except to plead and prove his title in mitigation of damages.

2. DAMAGES—*In Suits on Replevin Bonds.*—The amount stated in the replevin affidavit is *prima facie*, but not conclusive, evidence of the value of the property in question, and either party may, in a suit upon a replevin bond, show by parol evidence the actual value of the property that the defendant failed to return.

**Debt,** on a replevin bond. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge. presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed October 27, 1899.

FARSON & GREENFIELD, attorneys for appellants.

Where the plaintiff in the replevin suit takes a nonsuit, and judgment is entered against him for costs and for a return of the property, nothing is determined as to the title of the property or the merits of the controversy, and the plaintiff in the replevin suit, when sued on the bond, may plead and prove his title to the property in mitigation of damages. Starr & Curtis' Ann. Stat., Chap. 119, Sec. 26, title, Replevin; Hanchett v. Gardner, 138 Ill. 571; Rankin v. Kinsey, 7 Ill. App. 215; Morehead v. Yeasel, 10 Ill. App. 263; Schweer v. Schwabacher, 17 Ill. App. 78; Wells on Replevin, Sec. 589.

BULKLEY, GRAY & MORE, attorneys for appellees.

That the affidavit of replevin is sufficient evidence of the value of the property taken in a suit on the replevin bond, if the plaintiff in the suit on the bond is satisfied therewith, there can be no question. The defendants in the suit on the bond are estopped to deny that the property was not worth the amount so stated. The plaintiff, however, may prove a greater value. O'Donnell v. Colby, 55 Ill. App. 112; Washington Ice Co. v. Webster, 125 U. S. 426; Wells on Replevin, Secs. 453, 569, 660.

Such value also precludes the surety who signed the bond. Wells on Replevin, Sec. 453.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a suit upon a replevin bond given by appellants to James H. Gilbert, sheriff, etc., to indemnify him for the taking by replevin writ of certain property. The replevin suit was dismissed for want of prosecution, and this suit upon the bond followed.

The property belonged to one Thayer, and was taken by the replevin writ from the possession of Donohue & Henneberry, the usees for whose benefit this suit upon the bond is prosecuted, and they had such possession from a time long anterior to the giving of the chattel mortgage through or under which appellants claimed title and the right of possession.

We see no reason for disturbing the verdict and judgment, except for the one matter of damages, and therefore discuss only that question, leaving both parties unprejudiced in another trial by any comment of ours upon other questions.

By permitting their replevin suit to be dismissed for want of prosecution appellants lost all right, in a suit upon the bond, to contest Donohue & Henneberry's claim to the property, except that saved to them by the statute, which was to plead and prove their title in mitigation of damages. Stevison v. Earnest, 80 Ill. 513; Hanchett v. Gardner, 138 Ill. 571.

The property consisted of ninety-one certain electro plates of pages of a publication called Cram's Imperial Office Directory and Reference Atlas of the United States.

The affidavit in replevin states the value of said property at $1,100.

We have no decision by the Supreme Court of this State upon the question of the effect to be given, in a suit upon the replevin bond, to the value so fixed by the plaintiff in the replevin suit. It has been sometimes said, by other authorities, that the plaintiff in replevin, who has fixed the

value of the property by his statement in his affidavit for the writ, is estopped from afterward asserting a different value when sued upon his bond. Wells on Replevin, Secs. 453, 569, 660.

But such a rule would many times operate very harshly and unreasonably. It is common knowledge that such statement of value is usually made without a very nice attention to the real value of the property, but is made largely as an estimate, based somewhat upon the amount of the plaintiff's claim, lest under some circumstances the jury might not, perhaps, be at liberty to give him more than the value he had himself estimated.

The effect of a rule that the amount set out in the replevin affidavit is conclusive evidence of the value of the property, in a suit upon the bond, would often be liable to work serious injustice, and such would be especially true in cases like the present, between lien holders. Upon careful consideration, we regard the better rule to be as stated in Gibbs v. Bartlett, 2 Watts & Serg. 29, viz.: " It (the amount stated in the replevin affidavit) has ever been considered as *prima facie*, but not conclusive evidence."

In accordance with such rule, either party should, in a suit upon the replevin bond, be permitted to show by parol evidence the actual value of the property the defendant has failed to return.

In an action of covenant or debt, on a bond with a condition, the true measure of damages is the loss sustained by the covenantee or obligee. Dehler v. Held, 50 Ill. 491.

The only evidence in the record of the value of the electro plates, aside from that stated in the affidavit for replevin, is that of George F. Cram, who testified that he was the owner of Cram's Imperial Atlas and Office Directory, and the copyrights connected therewith, and had purchased from appellants the electro plates in question; that the plates have no market value, and no value outside of their connection with the publication referred to, except the value of old metal, which is merely nominal.

Being asked by counsel for appellants what he paid for

them, appellees interposed an objection, which was properly sustained.

Manifestly, plates like the ones in question can not be rightfully used for the purposes for which they were made, except in connection with the copyrighted publication, and the testimony of the witness that they possess only a nominal value outside of connection with such publication is obviously true, and is, we think, sufficient to overcome the *prima facie* case of value made by the replevin affidavit.

It appears inferentially that none of the parties to this controversy have any interest in the copyright, and it is plain that the jury had no sufficient basis to fix .appellees' damages at the full amount of their claim against the general owner of the plates—a sum far in excess of a nominal one—and attorney's fees in the replevin suit.

Appellees offered no evidence of the value of the plates, except such as the affidavit in replevin furnished, but tried the case upon the theory that they were entitled to recover the full amount of their special interest in them as pledgees, up to at least the extent of their value as stated in the replevin affidavit. But from what we have said it will be seen we regard such as being an erroneous theory. We see no objection to the action of the trial court in the admission or rejection of evidence, or in the giving and refusal of instructions, but the damages given by the jury are so excessive under the evidence that the case should be tried again. Reversed and remanded.