## SIMON MAYER

### v.

## THE PEOPLE, for use of Edith O'Rourke.

*Opinion filed April 18, 1901.*

1. REPLEVIN—*bond is for protection of defendant as well as the officer.* The bond required of the plaintiff in replevin is not only for the protection of the officer executing the writ, but also for the benefit of the defendant.

2. SAME—*rule requiring officer to take sufficient bond applies to justice suits.* The officer executing a writ of replevin is not justified in taking bond in double the amount stated in the affidavit as the value of the property, but he must take an inventory and invoice of its value and take a bond in double the amount of the value as he finds it to be, whether the suit is in a court of record or whether it is before a justice of the peace; and if the bond is insufficient to protect the defendant in case a return is awarded, the officer is liable to the defendant upon his official bond to the extent of the damages sustained.

3. SAME—*when defendant is not estopped to question value of property as stated in affidavit.* That the defendant in a replevin suit before a justice of the peace does not interpose the defense that the value of the property exceeds the jurisdiction of a justice does not estop her to assert, in an action of debt on the constable's official bond, that the value exceeded the amount of $200 as stated in the affidavit for the writ, where there is no evidence that she invoked the jurisdiction of the justice by any affirmative act, or that she accepted the judgment in her favor dismissing the writ for want of prosecution and awarding a *retorno habendo.*

4. SAME—*defendant need not object to bond at earliest possible moment.* The defendant in a replevin suit may assume that the officer has taken a bond in a sufficient amount to protect her against loss by a failure to return the property to her on a writ of *retorno habendo,* and she is not required to object to the sufficiency of the bond at the earliest possible moment, since it is time for her to inquire into its sufficiency when she seeks indemnification.

*Mayer* v. *People,* 92 Ill. App. 123, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

SIMEON STRAUS, for appellant:

Section 28 of chapter 119 of the Revised Statutes provides as follows: "That where any property has been taken under a writ of replevin issued by a justice of the peace, and it shall appear at the trial that the property so taken exceeds in value the jurisdiction of the justice of the peace, he shall have the power to order a return of the property so taken to the defendant."

The affidavit in replevin before a justice of the peace is jurisdictional. His jurisdiction depends upon the affidavit. *Evans* v. *Bouton*, 85 Ill. 579.

The defendant in a replevin suit before a justice of the peace, who proceeds to trial without objection to the jurisdiction of the justice and accepts a judgment against the plaintiff therein, cannot afterwards claim the value of the property replevined is greater than the jurisdiction of the justice of the peace. *Bates* v. *Williams*, 43 Ill. 494; *Schott* v. *Youree*, 142 id. 233; *Fahnestock* v. *Gilham*, 77 id. 637.

It is the duty of the defendants to a replevin suit, if they are dissatisfied with the sufficiency of the replevin bond, to object to the same at the earliest opportunity, and by going to trial without objection they waive the sufficiency of the bond. *Spencer* v. *Dickenson*, 15 Ind. 368.

A motion to dismiss for want of jurisdiction must be made at the earliest moment. *Evans* v. *Bouton*, 85 Ill. 579.

E. W. AUSTIN, for appellee:

A constable is not protected from liability by merely taking a bond in double the amount stated in the replevin affidavit. He must ascertain the value of the property independently of the affidavit of the plaintiff. *People* v. *Core*, 85 Ill. 248.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of debt, brought in the circuit court of Cook county by the People, for the use of Edith O'Rourke, on the bond of Timothy McCuddy, a constable

of Cook county. To the action said McCuddy and this appellant, Simon Mayer, a surety on the bond, were made defendants.

It appears from the allegations of the declaration that on January 6, 1896, one George Sykes appeared before M. J. Quinn, a justice of the peace in Cook county, and made his affidavit for the replevin of two horses, two covered delivery wagons, two sets of single harness and all the stock of groceries and fixtures at No. 4546 State street, Chicago, stating that they were of the value of $200, whereupon said justice of the peace issued his writ of replevin for said goods as described in the affidavit. The writ was delivered to the constable, Timothy Mc-Cuddy, who levied the same upon the stock of groceries and fixtures in possession of the usee, Edith O'Rourke. He took the bond of Sykes, with one George M. Staples as surety, in the sum of $400, (double the value of the property as stated in the affidavit for replevin,) and claimed that he delivered the stock of groceries to the plaintiff in replevin, Sykes. On January 30, 1896, the replevin suit was called for trial by the justice of the peace, the plaintiff not being present but the defendants appearing. The transcript recites that "witnesses were sworn and examined, and after hearing all the evidence in the case the court dismissed the same for want of prosecution, and the property ordered returned, and judgment entered against plaintiff for $100 damages." On February 10 following, a writ of *retorno habendo* was issued, which was served upon Sykes, his surety upon the replevin bond and the constable, McCuddy, but the property was not returned.

The breaches alleged in the declaration are: First, "that the goods were of the value of $2000, and that the constable wrongfully and in bad faith took an insufficient bond;" and second, "that the constable refused to return the goods and chattels replevied upon a *retorno habendo*, and that the goods were of the value of $2000."

The case was tried before the court without a jury, by agreement of the parties, and the issues found for the appellee, fixing the value of the property replevied at $1700, and entering judgment for that amount, with interest,—$2019.02,—as damages, the judgment in debt being for the penalty of the bond, $25,000. On appeal to the Appellate Court for the First District, the case having been assigned to the branch of that court, the judgment of the circuit court was affirmed, and the appellant, Simon Mayer, now prosecutes this further appeal.

The grounds of reversal urged are, that the trial court erred in refusing propositions of law and in its rulings upon the admission and exclusion of testimony. The propositions refused were: First, "that the defendant in a replevin suit before a justice of the peace, who proceeds to trial without objection to the jurisdiction of the justice and accepts a judgment against plaintiff therein, is estopped from afterwards claiming that the value of the property replevied is of a greater value than the jurisdiction of the justice of the peace;" and second, "that it is the duty of the defendants to a replevin suit, if they are dissatisfied with the sufficiency of the replevin bond, to object to the same at the earliest opportunity, and that by going to trial without objection they waive the insufficiency of the bond." The court did hold, at the instance of the defendants, "that where an officer, in accepting a surety on a replevin bond, makes inquiry of reliable men who know the surety, as to his financial circumstances, and administers an oath to the surety, the effect of which satisfies the officer that the surety is good for the amount of the bond, the officer will not be liable on his official bond for taking insufficient security; that the officer is not an insurer of the solvency of the surety."

The theory of the plaintiff's case is, that the constable and his sureties are liable upon his official bond for a failure to take a replevin bond in a sufficient amount to protect the defendants in that action against loss for

a wrongful taking of the property and a failure to return the same upon the order of the court. It is not denied that the evidence in this record tended to prove that the stock of groceries replevied was at the time of the value of $1700, and that that question, with all other controverted questions of fact in the case, has been settled by the judgment of affirmance in the Appellate Court. Our statute provides, that "before the execution of any writ of replevin, the plaintiff or some one else on his behalf, shall give to the sheriff, constable or other officer, bond with sufficient security in double the value of the property about to be replevied, conditioned that he will prosecute such suit to effect, and without delay, and make return of the property, if return of the property shall be awarded, and save and keep harmless such sheriff, constable or other officer, as the case may be, in replevying such property, and further conditioned for the payment of all costs, and damages occasioned by wrongfully suing out said writ of replevin." (3 Starr & Cur. Stat. 1896, chap. 19, sec. 10, p. 3378.) This bond is not only for the protection of the sheriff, constable or other officer executing the replevin writ, but also for the benefit of the defendant. *Petrie* v. *Fisher*, 43 Ill. 442; *Fahnestock* v. *Gilham*, 77 id. 637.

The sheriff, constable or other officer executing the writ of replevin is not justified in taking the replevin bond in double the amount of the value of the property, as stated in the affidavit, but it is his duty to take an inventory and invoice of its value, and take the bond in double the amount of the value as he finds it to be; and if he seizes the property without taking a bond in a sufficient penalty to protect the defendant in case a return is awarded, he will be liable to the defendant upon his official bond to the extent of the damages sustained. (*People* v. *Core*, 85 Ill. 248.) Counsel for the appellant contends, that while this is the law in courts of record it is not applicable to replevin suits before justices of the peace.

We see no reason for the distinction claimed. The statute does not require the plaintiff in a replevin suit before a justice of the peace to state in his affidavit the value of the property sought to be replevied. There is no reason why a constable holding a writ of replevin issued by a justice of the peace should not be required to use the same care and diligence in taking a bond in a sufficient amount to protect the defendant, that a sheriff is required to exercise in executing a writ issued by the clerk of a court of record. Here the constable is charged with having seized from the possession of the usee, Edith O'Rourke, $1700 worth of property and delivering it to the plaintiff in the replevin suit, taking a bond for less than one-fourth of its value; and we entertain no doubt that, aside from the question of good faith on his part, he is liable upon his official bond under the law announced in *People* v. *Core, supra.*

There was no error in the trial court in refusing to hold the foregoing propositions of law. There is no evidence in this record tending to show that the defendant, upon the trial before the justice of the peace, by any affirmative act of hers invoked or consented to the jurisdiction of the justice of the peace. It is true that she was present; but we are unable to perceive upon what principle it can be held that by failing to put in issue the value of the property on that trial she is estopped in this action to say that it was of a value beyond the jurisdiction of the justice of the peace. She had a right to assume that the constable, in the performance of his duty, had taken a bond in a sufficient amount to protect her against loss by a failure to return the property to her. Nor is there any evidence in this record that she has in any way accepted the benefits of the judgment in her favor.

*Bates* v. *Williams,* 43 Ill. 494, *Fahnestock* v. *Gilham, supra,* and *Schott* v. *Youree,* 142 id. 233, cited by counsel as sustaining the first proposition, are not in point. Those

cases simply hold that a plaintiff bringing a replevin suit cannot, when sued upon his replevin bond, set up a want of jurisdiction in the court in which he brought his suit. The defendant in this case came before the justice of the peace in obedience to the writ of that court sued out by the plaintiff in replevin. It is true that she might, under the present statute, have shown to the court that the value of the property exceeded the jurisdiction of the justice of the peace and procured an order for the return of the property, (3 Starr & Cur. Stat. 1896, chap. 119, par. 28, p. 3390,) but we do not agree that because she did not interpose that defense she is concluded upon the question of the value of the property.

The second proposition is still more objectionable. It, in effect, imposes the burden upon the defendant in a replevin suit to see that the public officer executing the writ has done his duty by way of taking a bond,—and that, at the earliest opportunity. To so hold would leave the defendant with little or no protection for the wrongful seizing of his property. It is time for him to inquire as to the sufficiency of the replevin bond when he seeks indemnification against loss by resorting to it.

On the question of the admission and exclusion of testimony it is sufficient to say, that in our opinion there was no prejudicial error. As is frequently the case in trials before the court without a jury, the rulings of the trial judge upon the competency of testimony was not so rigid as it perhaps would have been had the trial been before a jury. There is abundant evidence in the record, the competency of which is not and cannot be questioned, to sustain the judgment of the circuit court, if, as a matter of law, the principal and his sureties upon the constable's bond are legally liable for a failure to take a bond in double the amount of the actual value of the property taken. In fact, being so legally liable, no other judgment could properly have been entered by the trial court than that which was entered. There is substantial

ground in the evidence for the charge that the constable, McCuddy, acted in the matter of taking the replevin bond "wrongfully and in bad faith," but that fact is not of controlling importance in the case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*