CHARLES A. CRUMBAUGH *et al.* Appellants, *vs.* WESLEY M. OWEN *et al.* Appellees.

*Opinion filed February 20, 1908.*

1. PRACTICE—*effect where decree overthrowing will is reversed for error in not directing a verdict.* Where a decree in favor of the contestants in a bill to contest a will is reversed for error in not directing a verdict for the defendants, and the cause is remanded for further proceedings not inconsistent with the views expressed in the opinion, the case stands for re-trial the same as where a judgment at law is reversed for the same reason, and the chancellor is without power to deny a re-trial to the contestants and dismiss the bill for want of equity.

2. SAME—*verdict of jury in will contest case has same force as a verdict at law.* In a proceeding to contest a will the statute directs an issue to be made up to be tried by a jury, and the verdict of the jury has the same effect as in a suit at law; and while the chancellor may, as in a suit at law, direct a verdict for the defendants and upon the return of such verdict enter a decree dismissing the bill for want of equity, yet if no verdict is directed and the one returned is in favor of the contestants, the fact that the chancellor may have erred in not directing the verdict does not empower him to dismiss the bill for want of equity, nor can the Supreme Court, in such case, confer that power upon him.

3. SAME—*correct practice where will contest case is reversed for error in not directing a verdict.* Where a decree overthrowing a will is reversed by the Supreme Court upon the ground that the chancellor should have directed a verdict for the defendant because there was no evidence tending to sustain the allegations of the bill the case should be re-tried, and if the evidence is not substantially different from that given on the former trial the chancellor should direct a verdict for the defendant; but if the evidence is substantially different, the ordinary rules governing motions to direct a verdict are applicable.

4. APPEALS AND ERRORS—*when Supreme Court may direct what decree shall be entered.* In a divorce proceeding, or an ordinary chancery proceeding, tried without a jury, if the chancellor has entered an erroneous decree at a time when he had power to enter the decree which the Supreme Court is of the opinion is equitable and correct, the Supreme Court may, by express direction or by its determination of the merits of the case, limit the power of the chancellor, upon remandment, to the entry of the proper and correct decree. (*Wadhams* v. *Gay,* 83 Ill. 250, *Noble* v. *Tipton,* 222 id. 639, *Stiles* v. *Stiles,* 167 id. 576, and *Lindsay* v. *Lindsay,* 226 id. 309, explained.)

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

E. D. RIDDLE, JAMES F. BISHOP, BEACH, HODNETT & TRAPP, STONE & OGLEVEE, and A. E. DEMANGE, for appellants.

FIFER & FIFER, WELTY, STERLING & WHITMORE, and BARRY & MORRISSEY, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a decree of the circuit court of McLean county, entered at the September term, 1907, dismissing for want of equity a bill filed by appellants to set aside the will of James T. Crumbaugh, deceased. That bill charged undue influence and want of mental capacity. At an earlier term of that court the issues in the case were submitted to a jury, a verdict was returned in favor of the contestants and a decree was entered in accordance with the verdict. From that decree the proponents appealed to this court. We then held that the court erred in refusing to direct a verdict for the proponents at the close of all the evidence, and for that error the decree was reversed and "the cause remanded to the circuit court for further proceedings not inconsistent with the views" expressed in the opinion then filed. The case was then reported as *Owen v. Crumbaugh,* 228 Ill. 380. When the case was re-docketed in the circuit court proponents moved to dismiss the bill for want of equity without the cause being again submitted to a jury, and that motion was allowed and the decree from which this appeal is prosecuted was entered, on the theory that it appeared from the opinion heretofore filed in this court that we had finally determined the cause upon its merits in favor of proponents, and that the only thing the circuit court could do that would not be inconsistent with the views expressed in that opinion would be to dismiss the bill for want of equity without another trial. The contestants insist that the cause stood for trial by jury and that the court erred in dismissing the bill.

The question discussed in the briefs of counsel as to whether this court had power when the case was first here, upon the record as it then stood, to enter in this court a final judgment determining the issues in favor of the proponents without remanding the cause is not now material. No such judgment was entered. In a proceeding such as this to contest a will, the statute directs an issue to be made up to be

tried by a jury, and the verdict of the jury has the same
effect as the verdict of a jury in a suit at law. (*Johnson* v.
*Farrell,* 215 Ill. 542.) The question presented here is pre-
cisely the same as though this were a suit at law and the
judgment entered upon the verdict at the first trial had been
reversed for a refusal to give a peremptory instruction and
the cause remanded by a judgment like unto that entered by
this court when this case was here upon the former appeal.

Proponents rely upon cases which may be divided into
two classes. The first is a series beginning with *Wadhams*
v. *Gay,* 83 Ill. 250, and ending with *Noble* v. *Tipton,* 222 id.
639. Each of these cases was an ordinary chancery pro-
ceeding, tried without the intervention of a jury, in which
the decree of the court below was reversed when the case
was first in this court and the cause was remanded for fur-
ther proceedings in conformity with the opinion then filed.
When the case was re-docketed in the court of original ju-
risdiction the proceedings there resulted in the case coming
again to this court, when it was held that this court had by
its former judgment finally determined the controversy upon
its merits, and that when the case was re-docketed the only
thing that the *nisi prius* court could rightfully do was to
enter a final decree without another trial fixing the rights
of the litigants, in accordance with the views of this court
as expressed in the earlier opinion, even though the judg-
ment of this court did not in specific words direct the court
to enter a decree in favor of either party. In each of those
cases the chancellor upon the first trial had entered an er-
roneous decree at a time when he had power to enter a
decree that would have been in accordance with equitable
principles, and the judgment and opinion of this court ren-
dered when the case was first here were such as to require
him to enter the decree which he should have entered when
the case was originally determined by him.

In the case at bar, this court, when it reversed the orig-
inal decree, could confer upon the chancellor no power in

reference to disposing of the case in the circuit court that he did not possess when the case was originally tried. Upon that trial he never had authority to enter a decree dismissing the bill for want of equity, because no verdict was returned finding the issues against the contestants. Under our view of the evidence, as expressed in our former opinion, he should, at the close of all the evidence, have directed a verdict in favor of the proponents, and upon that verdict being 'returned he would have had the power and authority to have dismissed the bill for want of equity. In the absence of such a verdict he could not pursue that course. The decree was reversed and the cause remanded because he did not so direct a verdict. The opinion did not authorize the chancellor to dismiss the bill in the absence of a verdict for proponents.

The other cases upon which proponents rely, as we have above indicated, are *Stiles* v. *Stiles*, 167 Ill. 576, and *Lindsay* v. *Lindsay*, 226 id. 309. These were divorce cases. In each the *nisi prius* court dismissed the bill for want of equity. This court reversed the decree of dismissal and remanded the cause and directed the entry of a decree for divorce. Counsel for proponents seem to have erroneously assumed that there was a trial by jury in each of these cases. They ask by their brief: "If this court has the power and authority in divorce cases to reverse decrees and direct the trial court to enter decrees granting divorces without another trial by jury, as it has done in the two cases cited in our brief, what good reason can be assigned for refusing to make the same disposition of a decree setting aside a will where this court has found that the testator was entirely capable of making a will?"

In the *Lindsay case* there is a reference to a trial between the same parties in a suit for divorce instituted at a time prior to the beginning of the suit in which the decree appealed from was entered. In that earlier case there had been a trial by jury, but there was no such trial in the case

which was reviewed by the opinion reported in the 226th, nor had there been any trial by jury in the *Stiles case.* Moreover, a suit for divorce is distinguished from a bill to contest a will in this respect: in the latter case the Statute of Wills directs that the issue shall be tried by a jury. (Hurd's Stat. 1905, chap. 148, sec. 7.) Under the law, the issue, when made up, stands for trial by jury without any action on the part of either party to the proceedings. In a divorce case, where an issue arises upon the pleadings either party has a right to have the case tried by jury, but if neither party takes affirmative action seeking to have the issues submitted to a jury the case does not stand for trial by a jury but is tried by the chancellor exactly as he would hear and determine any other equity proceeding where the proof is taken in open court and no issue is submitted to a jury. In a divorce case waiver of trial by jury is unknown, and the power of the chancellor trying the case without a jury, and of this court sitting to review his decree, is precisely the same, and the same practice may be pursued as in any ordinary chancery suit, where the proof is taken before the judge.

When this case is again re-docketed in the circuit court it will be for trial by jury precisely as in the first instance. If it is again submitted to a jury and the proof is not substantially different from that offered upon the first trial, the chancellor should, upon proper motion made either at the close of the evidence for the contestants or at the close of all the evidence, direct a verdict for the proponents. If the evidence should be substantially different and such motion should be made, the chancellor, in disposing of it, should be governed by the ordinary rules applicable in such case.

The decree of the circuit court will be reversed and the cause will be remanded to that court for further proceedings which shall accord with the views herein above expressed.

*Reversed and remanded.*