The Ætna Life Insurance Company *et al.* Appellees,
*vs.* Franklin M. Hoppin *et al.* Appellants.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. Ejectment—*practice in ejectment, when not altered by statute, is the same as at common law.* The practice and procedure and all the incidents of the trial in an action of ejectment are the same as at common law when not altered by statute.

2. Same—*award of statutory new trial wipes out the verdict.* The award of the statutory new trial in an ejectment wipes out the verdict so that no judgment can be rendered upon it, and when followed by a voluntary non-suit the whole action and all of its parts are annulled.

3. Same—*the plaintiff may dismiss suit after judgment in his favor is reversed.* Where a judgment in favor of the plaintiff in ejectment is reversed by the Supreme Court and the cause is remanded the plaintiff may dismiss the suit upon payment of costs, and the defendants cannot insist upon another trial even though the decision of the Supreme Court was upon the merits of the case.

4. Same—*rules governing dismissal of actions in general apply to ejectment suits.* Unless otherwise provided by statute, the rules governing the dismissal or discontinuance of actions in general, as well as the rules controlling the entry of a non-suit, apply to actions of ejectment.

Appeal from the Circuit Court of Montgomery county; the Hon. Thomas M. Jett, Judge, presiding.

LANE & COOPER, for appellants.

OLIVER J. BAILEY, WILLIAM ABBOT, and JACK, IRWIN, JACK & MILES, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a suit in ejectment brought in the circuit court of Montgomery county by appellees against appellants. On the first trial there was judgment against appellants. That judgment, on their motion, was set aside under the statute, the costs being paid, and a new trial had, which resulted again in a judgment against the appellants. On appeal this court held (249 Ill. 406,) that as appellees based their claim of title on an execution sale of a contingent remainder, and as such remainder is not subject to a sale on execution, they had no title in the real estate. Said judgment was therefore reversed and the cause remanded. After the remanding order had been filed in the trial court and proper notice served, appellees moved to dismiss the suit and appellants moved to set the cause down for hearing so that a proper judgment might be entered in conformity with the decision of this court. Appellants' motion was denied and that of appellees allowed and the suit dismissed at their costs. Appellants objected and excepted to this order and prayed this appeal.

It has been held that the practice and procedure and all the incidents of the trial in an action of ejectment are the same as at common law when not altered by statute. (*Williams* v. *Brunton,* 3 Gilm. 600.) The statute on ejectment also provides that "the rules of pleading and practice in other actions shall apply to actions of ejectment, so far as they are applicable and except as is otherwise provided." (Hurd's Stat. 1911, chap. 45, sec. 10, p. 968.) The award of a statutory new trial in an ejectment suit wipes out the verdict so no judgment can be rendered upon it, and it is not a bar to another action. When followed by a volun-

tary non-suit the whole action and all its parts are an-
nulled. *Edwards* v. *Edwards,* 22 Ill. 121; *Sheldon* v.
*VanVleck,* 106 id. 45; *Preachers' Aid Society* v. *England,*
106 id. 125.

Counsel for appellants contend that the merits of this
case were passed upon when it was here before; that there-
fore the trial court could only proceed in conformity with
the views expressed in the former opinion of this court;
that the suit could not be dismissed on the motion of ap-
pellees. They cite as supporting this contention, *Wadhams*
v. *Gay,* 83 Ill. 250, *In re Estate of Maher,* 210 id. 160,
*Noble* v. *Tipton,* 222 id. 639, *Prentice* v. *Crane,* 240 id.
250, *People* v. *Waite,* 243 id. 156, and other cases. An
examination of these decisions will show that they were in
chancery or under special statutes, where the parties were
not entitled of right to a jury trial. In *Crumbaugh* v.
*Owen,* 232 Ill. 191, we held that the rule laid down in those
decisions did not apply when the parties were entitled to a
jury trial. In *Rigdon* v. *More,* 242 Ill. 256, we had be-
fore us the effect of a remanding order in a suit at law.
After a review of numerous authorities, including many
cited here, we held that in those cases, where the parties
were entitled, as a matter of right, to a jury trial and the
judgment was reversed and the cause remanded for errors
intervening prior to the entry of the judgment, the parties
were entitled to a trial *de novo.*

Unless otherwise provided by statute, the rules govern-
ing the dismissal or discontinuance of actions in general,
as well as the rules controlling the entering of a non-suit,
apply to the action of ejectment. (15 Cyc. 164, and cases
cited.) A plaintiff in a legal proceeding is entitled to con-
trol the disposition of his cause when he acts seasonably
and upon the payment of costs. (6 Ency. of Pl. & Pr.
833; 14 Cyc. 397.) At common law a plaintiff could
take non-suit at any time before verdict was rendered, in
open court. (*Berry* v. *Savage,* 2 Scam. 261.) Under sec-

tion 70 of the present Practice act this common law rule has been modified so that non-suit is barred unless entered before the jury has retired from the bar, "or, if the case is tried before the court without a jury, before the case is submitted for final decision." In legal effect non-suits, dismissals and discontinuances closely resemble each other. (6 Ency. of Pl. & Pr. 829.)

Under the Illinois statutes and our practice, the ejectment statute being silent on the question, (the parties being entitled, as a matter of right, to a jury trial,) the court rightly permitted the dismissal of the suit at appellees' costs.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*