## John Bierma for use of Chicago Laboratory Sanitarium, Appellee, v. Columbia Typewriter Manufacturing Company, Appellant.

### Gen. No. 17,488.

1. REPLEVIN—*objection to jurisdiction to enter judgment in replevin in action on replevin bond.* Plaintiff in a replevin action cannot urge when sued on his replevin bond that the judgment in replevin is void because the necessary orders of continuance by the justice from whom a change of venue was taken to the justice who entered judgment are not shown where he appeared in person before the justice who entered judgment and asked for and was granted a non-suit and a writ of *retorno habendo* was ordered.

2. REPLEVIN—*when plaintiff in replevin estopped in action on bond to set up lack of jurisdiction to enter judgment in replevin.* When sued on his replevin bond, plaintiff in the replevin action is estopped to set up want of jurisdiction of the justice before whom his action was brought, or before whom he appeared and prosecuted his action or before whom he obtained an order and judgment of non-suit and return of the property replevied.

3. REPLEVIN—*material facts to be proved on action on replevin bond.* In an action on a replevin bond, the material facts to be proved are the termination of the replevin action, judgment for defendant and the order for the writ *retorno habendo.*

4. REPLEVIN—*when plaintiff loses right to contest defendant's claim to the property.* Plaintiff in replevin by suffering his action to be dismissed with an order for the return of the property, loses all right to contest defendant's claim to the property except, under the statute, to plead and prove his title in mitigation of damages.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 30, 1913.

FRED A. BANGS, for appellant.

G. E. M. PRATT, for appellee.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

This is a suit on a replevin bond, brought in the

name of the officer, John Bierma, for the use of the Chicago Laboratory Sanitarium, and against the Columbia Typewriter Manufacturing Company, appellant, to recover the value of a typewriter taken under a replevin writ. In a trial before the court without a jury the court found the issues for appellee, his debt to be the sum of $200, the amount of the replevin bond, and assessed his damages at $100, the proved value of the typewriter, and rendered judgment accordingly.

The facts, in substance, are that about November 23, 1903, Dr. Pratt's American X-ray Journal Company purchased the said typewriter new from appellant and paid for the same in advertising in a paper published by the said Journal Company. Dr. Pratt's American X-ray Journal Company then sold and delivered the typewriter to the Chicago Laboratory Sanitarium, and it was in the possession of the latter company, July 19, 1905, when appellant began the replevin suit against the said Journal Company before John Richardson, a Justice of the Peace, who delivered the writ to Bierma, a constable, who took the typewriter from the sanitarium company and turned it over to appellant. The journal company defended the replevin suit and secured a change of venue from Justice Richardson to Justice James C. Martin, July 31, 1905; and on July 24, 1905, the cause reached Justice Martin from Justice Richardson, and was continued to July 28, 1905, and on September 22, 1905, the case was called for trial, the parties being present, and a change of venue was granted by Justice Martin to Justice John C. Everett, according to the transcripts taken from the dockets of Justices Richardson and Martin. The evidence then discloses the following orders in the replevin suit before Justice Everett:

"September 22, 1905, 9 A. M. This case comes to this court on change of venue from Justice Martin and is continued to September 29, 1905, 9 A. M., when continued to October 5, 1905, 9 A. M. October 5, 1905, 10 A. M. Case called. Plaintiff asks for and is granted non-suit—*Retorno habendo* ordered."

Bierma v. Columbia Typewriter Mfg. Co., 179 Ill. App. 69.

The files accompanying the transcript of Justice Everett show the replevin writ, affidavit and bond all bear date July 19, 1905, and the writ was returnable July 24, 1905, before Justice Richardson.

Appellant contends that the judgment in this case was not and is not supported by the evidence, because the transcript of Justice Everett's docket signed by him of date September 7, 1906, shows that the case in replevin came to him on change of venue from Justice Richardson on September 22, 1905, when the cause was continued to September 29, 1906, more than a year later, when it was again continued to October 5, 1906, at which time the case was called and plaintiff asked for and was granted a non-suit and a writ of *retorno habendo* was ordered. The transcript introduced in evidence did so show, but it also is clearly shown by the docket of Justice Everett that the two dates in the transcript, September 29, 1906, and October 5, 1906, were the result of clerical errors and should have appeared as of dates September 29, 1905, and October 5, 1905. The transcript itself bears evidence of such errors, as it was issued on September 7, 1906, or long before either of such erroneous dates. The docket itself also shows that the change of venues were from Justice Richardson to Justice Martin and from Justice Martin to Justice Everett. It is also argued that jurisdiction of the replevin suit was lost by Justice Richardson and by Justice Everett, and the judgment in replevin void, because the only order appearing upon Justice Richardson's docket was that of a change of venue on July 31, 1905, and that no order appears on Justice Martin's docket between the dates July 28, 1905, and September 22, 1905, almost two months, and that, therefore, no proper and necessary orders of continuance were shown, if they were ever granted. It is true that the dates given in the last named transcripts are irreconcilable and that proper entries of continuances in the case do not appear, but it does not matter how the case came before Justice

Everett. The appearance of appellant before. the last named justice gavè jurisdiction of his person and he is bound by the order and judgment of non-suit and order for the return of the property entered by the justice at his own instigation. Wiggins v. City of Chicago, 68 Ill. 372.

A plaintiff in a replevin suit, when sued upon his replevin bond, is estopped to set up a want of jurisdiction of the justice of the peace before whom he brought his suit, or before whom he appeared and prosecuted his suit, or before whom he obtained an order and judgment of non-suit and return of the property replevied. Mayer v. People, 190 Ill. 109; Fahnestock v. Gilham, 77 Ill. 637; Bates v. Williams, 43 Ill. 494; Tedrick v. Wells, 39 Ill. App. 657.

The material facts to be proved in a suit on a replevin bond are the termination of the replevin suit, judgment in the defendant's favor, and the order for the writ *retorno habendo*. It is wholly unimportant what led to that result, or in what phraseology it was declared. A plaintiff in replevin, by suffering his suit to be dismissed with an order for the return of the property, loses all right to contest the claim of the defendant in replevin to the property, except that given him by the statute, which is to plead and prove his title to the property in mitigation of damages. Stevison v. Earnest, 80 Ill. 513.

The evidence in the record amply sustains the judgment and it is affirmed.

*Judgment affirmed.*