## Anton J. Cermak for use of James Moloney, Appellant, v. Cable Piano Company et al., Appellees.

### Gen. No. 23,577.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1917. Reversed and judgment here. Opinion filed May 13, 1918. Rehearing denied May 27, 1918.

### Statement of the Case.

Action by Anton J. Cermak, for use of James Moloney, plaintiff, against Cable Piano Company, a corporation, and others, defendants, upon a replevin bond. From a judgment for defendants, plaintiff appeals.

FRED A. RATHJE, for appellant.

WALTER S. SOMMERS and LAWRENCE A. COHEN, for appellees; CHARLES T. FARSON and GUYON T. FISHER, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. CHATTEL MORTGAGES, § 151*—*when right of possession under second mortgage may not be questioned.* Where a second chattel mortgagee takes possession under a mortgage valid upon its face, the right to possession of the property cannot be questioned by one claiming under the prior mortgage, invalid on its face.

2. CHATTEL MORTGAGES—*when lack of formality in execution is immaterial.* Where a second chattel mortgagee is in possession of the property upon default and the legal title has vested in him, it is immaterial whether the chattel mortgage under which he got possession was executed with all the formalities of law.

3. REPLEVIN, § 203*—*when burden of proof is not on plaintiff.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In an action by a second chattel mortgagee on the replevin bond of the first mortgagee, given to obtain possession of the property, which was in possession of the second mortgagee after default, it was not incumbent upon plaintiff, in the first instance, to show that in the execution of the mortgage the corporation mortgagor had complied with all the requirements of the law, even though the execution of the instrument had not been directly authorized by members of the corporation.

4. REPLEVIN, § 206*—*what is effect of affidavit as evidence.* The statements in an affidavit filed in a replevin suit as to the value of the property are to be regarded as at least prima facie proof of the value of the property.

5. REPLEVIN, § 192*—*when judgment not excessive in action on bond.* In an action on a replevin bond, evidence *held* sufficient to warrant a judgment for plaintiff of $500, attorney's fees, interest and costs.

6. REPLEVIN, § 206*—*what is effect of affidavit as to value of property.* A witness signing an affidavit filed in a replevin suit as to the value of the property may not by testimony qualify or modify his statements made therein.

7. REPLEVIN, § 190*—*when interest allowed in action on bond.* In an action on a replevin bond, interest should be allowed from the time of the taking of the property under the replevin writ to the date of judgment.