# Charles W. Peters for use of R. W. Keenon, Appellee, v. Mary Margaret Brown and The Hartford Accident & Indemnity Company, Appellants.

## Gen. No. 31,811.

1. REPLEVIN—*mitigating damages in action on bond by showing title in plaintiff in replevin.* In an action of debt on a replevin bond, it may be shown in mitigation of damages that the title and right of possession to the goods replevied were in the plaintiff in the replevin suit.

2. REPLEVIN—*inadmissibility of bill of sale, not legal notice to creditors, to show title in plaintiff in replevin in action on bond.* A bill of sale, void as to creditors as not complying with statute, cannot be admitted in an action on a replevin bond to show that plaintiff in replevin had title to goods at the time that, under claim of ownership through said bill of sale, she replevied them from one who had taken them on execution.

3. REPLEVIN—*when return of "no property found" does not show officer had no title to goods.* A return of "no property found" on a writ of execution after goods had been taken from an officer on replevin, is no proof that the officer had no title or right of possession.

4. REPLEVIN—*value stated in affidavit and writ as not conclusive on surety in action on the bond.* A surety, defending an action on a replevin bond, may show the true value of the goods replevied and is not estopped therefrom by the value stated in the affidavit for replevin nor in the writ issued therein.

Appeal by defendants from the Superior Court of Cook county; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed October 10, 1927. Rehearing denied October 24, 1927.

DEFREES, BUCKINGHAM & EATON, for Hartford Accident & Indemnity Co., appellant; DON KENNETH JONES and JOHN O. C. FITZGERALD, of counsel.

EDWARD L. ENGLAND, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In this case the sheriff of Cook county, for the use of R. W. Keenon, a judgment creditor, sued Mary M. Brown and the Indemnity Company in an action in debt upon a bond given by said Mary M. Brown in a replevin suit brought by her in the superior court of Cook county. Under that writ the sheriff took certain goods and chattels from the possession of the bailiff of the municipal court and delivered the same to Mary M. Brown, defendant here and plaintiff in that suit.

Mary M. Brown did not prosecute her replevin suit with effect but permitted the same to be dismissed, and a writ of *retorno habendo* was awarded.

There was a plea of *non est factum* and a special plea alleging that the title to and right of possession of the goods and chattels were in Mary M. Brown, wherefore it was alleged damages for more than one cent should not be awarded, and this was the defense relied upon. It was available in mitigation of damages. *Stevison v. Earnest,* 80 Ill. 513; *Hanchett v. Gardner,* 138 Ill. 571; *Bierma for use of Chicago Laboratory Sanitarium v. Columbia Typewriter Co.,* 179 Ill. App. 69.

At the close of all the evidence the court instructed the jury to return a verdict for the plaintiff for the amount of the bond, $10,000, with damages of $6,267.37. Mary M. Brown defaulted, and the defense was presented by the Surety Company and this appeal is prosecuted by it.

The evidence disclosed that the bailiff levied on the goods in question by virtue of an execution in favor of Keenon and against the husband of Mary M. Brown. As tending to establish the defense, the defendant offered in evidence a bill of sale from Mr. Brown to his wife, executed prior to the date of judgment. It was acknowledged before a notary public and was properly excluded, we think, because it did not comply with the provisions of section 9, chapter 68 of the Illinois Stat-

utes, Cahill's St. ch. 68, ¶ 9, and was therefore void as to creditors.

The defendant says that the execution which was returned by Egan as bailiff, "No property found," conclusively establishes that Egan as bailiff had no title or right of possession and that it was error to give a peremptory instruction for that reason. The defendant cites *Mulheisen v. Lane*, 82 Ill. 117, to this point. The return on the writ, however, was made after the goods and chattels had been taken away from the bailiff by the replevin writ, as conclusively appears from the affidavit for replevin and the writ issued in pursuance thereof. The return simply shows that fact that the bailiff could not find property of the defendant on which to levy and satisfy the execution at the time it was returned. There is no merit in this contention.

The controlling question in the case is raised by the contention of the defendant that the court erred in excluding evidence tending to show the actual value of the property at the time it was taken upon the replevin writ. The testimony of Mrs. Brown and one Cunniff as witnesses was offered on this point and was excluded by the court. The plaintiff contends that the witnesses were not shown to be competent, but the evidence is against plaintiff on this point. However, it is contended that the defendants had no right to contradict the affidavit for replevin, which stated, "Said goods and chattels were of the value of $5,000." The plaintiff says that the defendants were (and the defendant that it was not) estopped to show by competent witnesses the actual value of the property to be other and different from that stated in the affidavit.

The cases cited and relied on indicate that the Appellate Courts of this State have not been in entire accord upon this subject. In *Moore v. Paul F. Beech Co.*, 221 Ill. App. 609, the Appellate Court for the third district held that the defendant there in an action on the bond had no right to prove that the property taken

was not worth the amount stated in the affidavit, but was bound by such statement. In *Farson v. Gilbert,* 85 Ill. App. 364, this court stated that it had sometimes been held by some authorities that a plaintiff in replevin who fixed the value of property by a statement in his affidavit for the writ was estopped from afterwards asserting a different value when sued upon his bond. This court there stated that there was no decision by the Supreme Court of the State upon the question, but cited Wells on Replevin, sections 453, 569 and 660, as sustaining that view. This court further said that in its opinion such a rule would many times operate unreasonably; that such a statement of value is usually made without a very nice attention to the real value of the property and merely as an estimate, and the court said:

"Upon careful consideration, we regard the better rule to be as stated in *Gibbs v. Bartlett,* 2 Watts & Serg. 29, viz: 'It (the amount stated in the replevin affidavit) has ever been considered as *prima facie,* but not conclusive evidence.'"

This decision was afterwards cited with approval by the Supreme Court of Illinois in *Martin v. Hertz,* 224 Ill. 84, where it was said:

"In an action on a replevin bond to recover the value of the property for a breach of the condition for a return thereof, the authorities are harmonious to the effect that the value of the property stated in the replevin writ and bond is at least *prima facie* evidence of value as against the sureties on the bond. * * * There being no evidence in the record to the contrary, this *prima facie* evidence of value becomes conclusive."

In *Cermak v. Cable Piano Co.,* 211 Ill. App. 219, the plaintiff bailiff of the municipal court brought suit upon a replevin bond which had been given by the Piano Company to secure a writ for a piano in possession of one James Moloney. The property was obtained on the writ, and the Piano Company thereafter

failing to prosecute its suit, there was an order for writ of *retorno habendo*. In a suit upon the bond there was judgment for defendant, and upon appeal by the plaintiff to this court it was urged that there was no proof as to the value of the piano taken under the writ. The affidavit and the writ had been offered in evidence, and there had been other evidence received tending to contradict these. The opinion states:

"While, as urged, the statements contained in the affidavit are, under the authorities, to be regarded as at least *prima facie* proof of the value of the property in question (*Farson v. Gilbert,* 85 Ill. App. 364), we think that taken together with the other evidence in the case, this admission is sufficient to warrant our entering a judgment in the suit in favor of the plaintiff for the sum of $500, together with attorney's fees, interest and costs."

The opinion further states that it was urged that the affidavit filed in the replevin suit was conclusive upon the question of value and that the court had erred in sustaining objections to certain evidence offered by defendant to show the real value of the piano; that an examination of the testimony disclosed the trial court did not rule out any evidence offered by the defendant as to the value of the property on the theory that the affidavit was conclusive as against the defendant; but that "The court did refuse to permit a witness who signed the affidavit in question to qualify or modify the statements made by the witness in his affidavit. In this ruling we think the court was correct."

On principle we are not disposed to approve of a rule which would prevent the actual facts from being disclosed in an action of this kind. Value is very often a mere matter of opinion. We see no good reason why the actual facts should not be permitted to be shown by competent testimony. The statement in *Cermak v. Cable Piano Co., supra,* to the effect that a witness who signed the affidavit in replevin may not

qualify or modify the statements therein made when afterwards called as a witness, must be regarded as inadvertently made. See 23 R. C. L. § 57, p. 898; *Maguire v. Pan-American Amusement Co.*, 205 Mass. 64.

We hold that the defendant Surety Company in this case was not concluded or estopped on the question of value by the statement of Mrs. Brown in her affidavit as to the value of the goods or by the value stated in the writ which issued.

For the error in refusing to admit the testimony of the witnesses Brown and Cunniff as to the value of the property the judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*

O'CONNOR and McSURELY, JJ., concur.