## Sweet-Orr & Company, Inc., Appellant, v. E. G. Hendrickson Company, Inc., Appellee.

### Gen. No. 32,298.

Opinion filed May 8, 1928.

JOSEPH DAVIS and THEODORE JOHNSON, for appellant.

HAFFENBERG, KOPALD & BURNS, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Sweet-Orr & Company, Inc., plaintiff, sued E. G. Hendrickson Company, Inc., defendant, in the circuit court of Cook county in replevin. The case was tried before the court with a jury and at the close of the plaintiff's evidence, upon motion of the defendant and over the objection of the plaintiff, the court directed a verdict for the defendant. Judgment was entered on the verdict and a writ of *retorno habendo* was ordered. This appeal followed.

The plaintiff has assigned and argued a number of grounds why the judgment should be reversed, but in our opinion it is necessary to refer to only one. At the close of the plaintiff's case the court indicated an intention to direct a verdict for the defendant, and thereupon plaintiff asked leave to take a nonsuit, but the court refused plaintiff's request and the plaintiff excepted. The latter now contends that the court erred in refusing its request. The defendant's sole answer to this contention is that "the right to a nonsuit under the Practice Act is not applicable to actions in replevin."

At common law a plaintiff was permitted to take a nonsuit at any time before the verdict was rendered in court. (*Berry v. Savage,* 2 Scam. (Ill.) 261; *Daube v. Kuppenheimer,* 272 Ill. 350.) Section 70 of the Practice Act, Cahill's St. ch. 110, ¶ 70, reads as follows: "Every person desirous of suffering a non-suit shall be barred therefrom, unless he do so before the jury retire from the bar, or if the case is tried before the court without a jury, before the case is submitted for final decision." Section 22 of the Replevin Act, chapter 119, Cahill's St. ch. 119, ¶ 22; Callaghan's Ill. St. Ann. vol. 7, p. 6767, reads as follows: "If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a nonsuit or discontinuance, or if the right of property is adjudged against him,

judgment shall be given for a return of the property
and damages for the use thereof from the time it was
taken until a return thereof shall be made, * * *."

While it appears that none of the courts of review
of this State has ever had occasion to directly pass
upon the question raised by the instant contention,
nevertheless, it always has been the practice in Illinois
to permit a plaintiff in a replevin suit to take a nonsuit
where a request for the same was made in apt time,
and where in appeals it appears that practice has been
followed, the right of the plaintiff to take a nonsuit has
never been questioned, and the upper courts have ap-
parently regarded such procedure as a matter of plain
right. Many cases might be cited to show the attitude
of our courts in that regard. We shall refer to a few:
*Strassheim v. Barnes,* 212 Ill. App. 299, 300; *Hanchett
v. Gardner,* 138 Ill. 571, 577; *Gilbert v. Sprague,* 196
Ill. 444, 452; *Lane v. Kohn,* 79 Ill. App. 396, 397–398;
*Bierma v. Columbia Typewriter Mfg. Co.,* 179 Ill. App.
69. In *Stein v. Traeger,* 218 Ill. App. 122, 128, the
court referred to the fact that the plaintiff had failed
to make a motion for a nonsuit. The language of sec-
tion 70, Cahill's St. ch. 110, ¶ 70, is clear and unambigu-
ous and, in our judgment, it forbids the interpretation
that the legislature intended to except plaintiffs in a
replevin action from the benefit of the section. More-
over, section 22 of the Replevin Act, Cahill's St. ch.
119, ¶ 22, affirmatively recognizes the right of a plain-
tiff to take a nonsuit in a replevin action. Nor can it
be fairly argued that the language in section 22, ''or
suffers a nonsuit,'' applies to involuntary nonsuits
only, for the same language is used in section 70, and
that section plainly refers to cases of voluntary non-
suit. From early days, when the plaintiff desired a
voluntary nonsuit, he moved the court to permit him
to suffer a nonsuit. (See *Berry v. Savage, supra.*)

The defendant cites in support of its contention sev-
eral decisions of sister States, but as we are satisfied

that the law of this State bearing on the instant contention is plain, these decisions are neither necessary nor helpful in the determination of the question before us. Where the statute is plain, such an argument can have no weight with the courts. However, it will be noted that one of the purposes of section 22 of the Replevin Act, Cahill's St. ch. 119, ¶ 22, is to prevent hardship to a defendant where a plaintiff takes a nonsuit.

We hold, therefore, that the plaintiff in the present proceeding had the right to a voluntary nonsuit and that the trial court erred in denying its request for the same. The judgment of the circuit court of Cook county is reversed and the cause is remanded with directions to the trial court to grant the request of the plaintiff for a nonsuit.

*Reversed and remanded with directions.*

BARNES, P. J., and GRIDLEY, J., concur.