Mary Elizabeth Keys, Defendant in Error, v. Bert North, Plaintiff in Error.

Gen. No. 8,664.

Opinion filed May 18, 1933.

O'HAIR & McCLAIN, for plaintiff in error.

J, L. SULLIVAN, for defendant in error.

Mr. Justice Shurtleff delivered the opinion of the court.

This is an action by defendant in error to recover damages for injuries suffered by defendant in error, while riding in the automobile of plaintiff in error as an invited guest, on the 27th day of September, 1931. The declaration charges a wilful and wanton injury. The suit was started against plaintiff in error and one Arthur North and was tried against the two defendants and a verdict found in favor of defendant in error and against the two defendants, plantiff in error and said Arthur North, in the sum of $5,000. There was a motion for a new trial, which was overruled, a motion in arrest of judgment, which was overruled, and plaintiff in error and said Arthur North each excepted duly to the rulings of the court. Thereafter came defendant in error (plaintiff) and presented her motion to dismiss the cause as to said Arthur North, which motion was granted and the cause was dismissed as to said Arthur North and in the same order a judgment was entered by the court against plaintiff in error and in favor of defendant in error in the sum of $5,000, to which rulings and judgment the plaintiff in error duly excepted. Plaintiff in error has brought the record, by writ of error, to this court for review.

Numerous errors appear upon the face of this record. The declaration undertook to charge a wilful and wanton injury and the proofs of wilfulness and wantonness were based solely upon the fact that plaintiff in error was driving at a high rate of speed upon a dirt or gravel road. In the instructions given, attempting to define wilfulness and wantonness, the jury were warranted in finding a verdict solely upon negligence or a lack of care. Defendant in error, without giving any notice whatever to plaintiff in error, presented and had submitted to the jury seven special interrogatories covering every fact involved in the case,

evidentiary and otherwise. This was error and in violation of the statute.

But under no circumstances can this verdict and judgment stand. The verdict was a joint verdict and involved both defendants. Plaintiff cannot take a nonsuit as to any defendant after the jury retire from the bar. The discontinuance as to the defendant Arthur North also worked a discontinuance as to plaintiff in error, section 70 of chapter 110 of the Practice Act (Cahill's St. ch. 110, ¶ 70); *Matthias v. Cook,* 31 Ill. 83; *Aetna Life Ins. Co. v. Hoppin,* 255 Ill. 115; *Daube v. Kuppenheimer,* 272 Ill. 350; *Ritchie v. Arnold,* 79 Ill. App. 406; *City State Bank of Chicago v. Detrick,* 236 Ill. App. 350; *Sweet-Orr & Co. v. E. G. Hendrickson Co.,* 248 Ill. App. 624.

Accordingly, the verdict and judgment of the circuit court of Edgar county are reversed and the cause remanded.

*Reversed and remanded.*